ON MOTION TO DISMISS
BOARDMAN, Judge.
Petitioner, Florida Cities Water Company, filed an application with the Board of County Commissioners of Sarasota County, respondent, requesting increased rates and an increase in certain other fees which it charged the public. A rate hearing was conducted and an order was entered by the Board of County Commissioners (hereinafter, the Board). The water company has filed a petition for Writ of Certiorari to review such order in this court.
The Board was given general regulatory power over water utility rates and other aspects of water utility systems by special act of the Florida Legislature.[1] Such special act was incorporated in an ordinance passed by the Board in 1972 [2] pursuant to home-rule powers under a local self-government charter adopted by Sarasota County in 1971.
Both the special act and local ordinance provide for judicial review as follows:[3]
Any person aggrieved by any order, resolution or action of the board may have it reviewed by the circuit court on petition for certiorari. (Emphasis supplied).
Pursuant to this provision, respondent makes this motion to dismiss the petition for writ of certiorari filed in this court and contends that proper jurisdiction lies in the circuit court. Petitioner contends that jurisdiction is properly lodged in this court because the new Article V, § S of the Florida Constitution, adopted in 1973 as part of the general revision of Article V, provides that “. . . [the circuit court] shall have the power of direct review of administrative action prescribed by general law” (emphasis supplied). It is petitioner’s contention that this provision invalidates or impliedly repeals prior special laws which purport to give jurisdiction to circuit courts to review administrative action, including the above special act relating to Sarasota County. Petitioner also contends that once jurisdiction to review administrative action of the Board in this case is divested from the circuit court it lies in this court under the general judicial review provisions of the Administrative Procedure Act (a general law).[4]
It is clear that prior to the revision of Article V in 1973 jurisdiction of this case would lie with the circuit court, notwithstanding the possible application of the Administrative Procedure Act which provides generally for certiorari to the District Court of Appeal. It has been held that the certiorari provided for under the Administrative Procedure Act to the district court “. . . is to be the method of review where no other is specifically provided by statute.” [5] Thus, even assuming arguendo that the Board of County Commissioners of Sarasota County is such a “state agency” as is generally covered by the Administrative Procedure Act, the specific provision in Special Law 67-2064, dealing with this Board as a regulator of water utilities, and providing that review be in the circuit court, we believe, takes precedence.
However, in order that they have precedence the special act and ordinance providing for review in the circuit court must, of course, be in effect. We are thus squarely faced with the question of whether the above-cited provision of the revision of Article V invalidates the special act and ordinance. To answer this question, Arvi *582 da, supra, is not on point and we have been unable to find any precedent.
Although the question is a close one, we have concluded that the new Article V does not impliedly invalidate the previously existing special act and ordinance giving jurisdiction in cases such'as this to the circuit court. Reading the revision of Article V, as a whole, it is apparent that when the revision specifically changes jurisdiction of certain courts it provides a schedule for the implementation of the changes, in most cases to be carried out by action of the Legislature on or before a certain date.[6] We do not think it was the intent of the new Article V to drastically change the jurisdiction of the circuit courts with regard to reviewing various administrative orders, and to do so by implication, and, further, without the timetable specifically provided for other changes.
Additionally, it can readily be seen that such an interpretation could result in no court having statutory jurisdiction; i. e., where a special law giving jurisdiction is declared invalid and no general law applies.[7]
Thus, we conclude that the special law giving jurisdiction to the circuit court is still valid and must grant the motion to dismiss. Pursuant to authority given us under Rule 2.1, subd. a(5)(d), F.A.R., 32 F. 5.A., we hereby transfer the case to the Circuit Court in and for Sarasota County.
LILES, Acting C. J., and McNULTY, J., concur.

. Chapter 67-2064, Laws of Florida, Special Acts of 1967.

. Ordinance #72-64, Sarasota County.

. Section 11 of the Special Act and of the Ordinance, notes 1 & 2, supra.

. Section 120.31, Fla.Stat. (1971), F.S.A.

. Arvida Corp. v. City of Sarasota, Fla.App.1968, 213 So.2d 756, 759, and cases cited therein.

. See Article V, Florida Constitution, Section 20 (1973 edition).

. For instance, the Administrative Procedure Act only applies when a “state agency” is involved. It is not at all certain that were the special act here involved declared invalid that this court would have jurisdiction under the Administrative Procedure Act, although we do not here decide the question. See Board of Public Instruction of Duval County v. Sack, Fla.App.1968, 212 So.2d 819 (county civil service board declared not a “state agency”). On the other hand, see State ex rel. Allen v. Board of Public Instruction of Broward County, Fla.App.1968, 214 So.2d 7 (board of public instruction of county is not a “state agency”). Of course, if there is no statutory provision for review of administrative action, review can be had by common law certiorari.