QUESTION: Are counties exempt from the new Administrative Procedure Act, Ch. 120, F.S., as amended by Ch. 74-310, Laws of Florida?
SUMMARY: The inclusion of counties within definitional s.120.52(1)(c), F.S., is very limited and is restricted to the direct inclusion by reference to general or special law, or judicial decision or as constitutionally mandated. The courts have not expressly "incorporated" the several boards of county commissioners into Ch. 120, F.S. Thus, counties are not subject to the Administrative Procedure Act, Ch. 120, as amended by Ch. 74-310, Laws of Florida, except to the extent that they are expressly made subject thereto by general or special law or existing judicial decision. Section 120.52(1)(c), F.S., defines agency to include: Each other unit of government in the state, including counties and municipalities to the extent they are expressly made subject to this act by general or special law or existing judicial decisions. (Emphasis supplied.) This provision was contained in the bills adopted by both the Senate and the House of Representatives and remained unchanged through the conference committee and adoption. See 1 Jour. of Senate 551, 906 (1974); 1 Jour. of House of Representatives 913, 1327 (1974). The legislative language "to the extent they are expressly made subject to this act by general or special law or existing judicial decision" is clear and unambiguous and it is unnecessary to resort to rules of statutory construction. See State v. Egan, 287 So.2d 1
(Fla. 1973), and cases cited in footnote 4 therein. It might be noted, however, that an amendment offered on the floor of the House of Representatives to specifically include municipalities and counties within the purview of the Administrative Procedure Act was withdrawn. [See] 1 Jour. of House of Representatives 353 (1974). In Bd. of Public Instruction of Broward County v. State ex rel. Allen, 219 So.2d 430 (Fla. 1969), the Supreme Court held that a county school board was part of the state educational system, an agency of the state for sovereign immunity purposes, and a "state agency" within the purview of s. 120.09, F.S. 1973, relating to disqualification of members of any quasi-judicial administrative body. County school boards were also within the repealed Ch. 120, F.S. 1973, for the purpose of judicial review of orders. Compare Bd. of Public Instruction of Duval County v. Sack, 212 So.2d 819
(1 D.C.A. Fla., 1968), cert. denied, 219 So.2d 698 (Fla. 1968), with Canney v. Bd. of Public Instruction of Alachua County,222 So.2d 803 (1 D.C.A. Fla., 1969), and Adams v. Bd. of Public Instruction of Okaloosa County, 225 So.2d 423 (1 D.C.A. Fla., 1969). The applicability of repealed Ch. 120, F.S., to a county commission setting fees, under special law, at a rate hearing was discussed in Florida Cities Water Co. v. Board of County Commissioners of Sarasota County, 281 So.2d 580 (2 D.C.A. Fla., 1973). The water company sought review of the county action under s. 120.31 by contending that the new Art. V, State Const., had repealed the special act. The court rejected this contention, holding the special act valid and suggesting that the now repealed Ch. 120, F.S., was not applicable to the county: Additionally, it can readily be seen that such an interpretation could result in no court having jurisdiction; i.e., where a special law is declared invalid and no general law (Chapter 120) applies.!mb7!x [(See)281 So.2d at 582.] (Emphasis supplied.) The footnote reference "7" was to former Ch. 120, F.S., where the court noted that it did not decide the question of former Ch. 120 applicability but clearly expressed doubt, citing Sack, supra. In Sack, the district court of appeal held that a final quasi-judicial order of a county civil service board, with jurisdiction created by a special act, was not a state "agency" order as contemplated by former Ch. 120 and therefore was not reviewable in the district court of appeal until remedies in the circuit court had been exhausted. In so doing the court delineated, inter alia, the following guideline for the appellate review of quasi-judicial orders entered by administrative agencies: If the final quasi-judicial administrative order is rendered by an administrative agency of last resort which is a county, municipal or other administrative agency, and not a state agency, then review of same may be sought by petition for common law certiorari to the appropriate circuit court . . . . The inclusion of counties within definitional s.120.52(1)(c), F.S., is very limited and is restricted to the direct inclusion by reference to general or special law, or judicial decision or as constitutionally mandated. E.g. s. 253.1242, F.S. The courts have expressly "incorporated" a county school board, as part of the state educational system, into Ch.120, F.S.; but, they have not expressly incorporated the several boards of county commissioners into Ch. 120. Thus, counties are not subject to the Administrative Procedure Act, Ch. 120, as amended by Ch. 74-310, Laws of Florida, except to the extent that they are expressly made subject thereto by general or special law or existing judicial decision.