314 So.2d 194 (1975)
SWEETWATER UTILITY CORP., a Florida Corporation, Petitioner,
v.
HILLSBOROUGH COUNTY, FLORIDA, et al., Respondents.
No. 75-529.
District Court of Appeal of Florida, Second District.
June 11, 1975.
Marvin E. Barkin of Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for petitioner.
John W. McWhirter, Jr., of Cason, McWhirter, Henderson & Stokes, Tampa, for respondents.

ON MOTION TO DISMISS
GRIMES, Judge.
Petitioner has filed in this court a petition for writ of certiorari seeking review of certain portions of an ordinance enacted by the Board of County Commissioners of Hillsborough County relating to the determination of appropriate rates of return for franchised sewer utilities in that county. Being uncertain of its remedy, petitioner has simultaneously filed in the Circuit Court of Hillsborough County a complaint for declaratory judgment and other relief directed to the same ordinance. Respondents have now filed a motion to dismiss in this court contending that the Board of County Commissioners of Hillsborough County is not an agency subject to judicial review under the provisions of the new Administrative Procedure Act.
Subsections (1) and (2) of Fla. Stat. § 120.68 (1974) call for judicial review of final agency action in the applicable district court of appeal except where review by the Supreme Court is provided by law. The subject matter of this lawsuit does not fall within any area for which judicial review by the Supreme Court is so provided. Accordingly, the issue raised by the motion turns on whether the Board of County Commissioners of Hillsborough County is *195 an agency within the meaning of § 120.52(1)(c) (1974), which reads:
"(c) Each other unit of government in the state, including counties and municipalities to the extent they are expressly made subject to this act by general or special law or existing judicial decisions."
One might reasonably contend that a board of county commissioners is necessarily a "unit of government in the state." Yet, the legislature specifically chose to include counties within this definition only if "expressly made subject to this act by general or special law or existing judicial decisions."
There are several cases arising under the old Administrative Procedure Act in which a county board of public instruction was determined to be a state agency whose actions were reviewable by a petition to the district court of appeal. Board of Public Instruction of Broward County v. State ex rel. Allen, Fla. 1969, 219 So.2d 430; Canney v. Board of Public Instruction of Alachua County, Fla.App.1st 1969, 222 So.2d 803; Adams v. Board of Public Instruction of Okaloosa County, Fla.App.1st, 1969, 225 So.2d 423. However, the rationale underlying these cases was that a county school board is part of the state system of public instruction. On the other hand, a county civil service board was held not to be a state agency within the meaning of the old Administrative Procedure Act. More recently, this court in Florida Cities Water Company v. Board of County Com'rs., Fla.App.2d, 1973, 281 So.2d 580, declined to decide as unnecessary to its decision the question of whether the Board of County Commissioners of Sarasota County was a state agency under the old act.
Thus, it appears there is no "existing judicial decision" which would characterize a board of county commissioners as an agency for purposes of judicial review under the new Administrative Procedure Act. Likewise, no general or special law has been called to our attention which would make such boards subject to this act.
The motion is granted, and the petition for certiorari is hereby dismissed.
BOARDMAN, Acting C.J., and SCHEB, J., concur.