QUESTION:
Does the Florida Administrative Procedure Act, Ch. 120, F. S., apply to the Lower Florida Keys Hospital District.
SUMMARY:
Units of local government having jurisdiction only in one county or part thereof and which are not intergovernmental or regional agencies or programs described in s. 120.52(1)(b), F. S., are subject to the provisions of Ch. 120, F. S., only if expressly made subject thereto by special or general legislative act or an existing judicial decision. Since neither the courts by decision nor the Legislature by special or general act has expressly extended the provisions of the Administrative Procedure Act to the Lower Florida Keys Hospital District, the district is not subject to the act.
The answer to your question hinges on whether the Lower Florida Keys Hospital District is an agency as that term is defined in Ch. 120, F. S. The Administrative Procedure Act broadly defines `agency' in s. 120.52(1) to include in pertinent part:
 (b) Each other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 163, 298, 373, 380 and 582.
 (c) Each other unit of government in the state, including counties and municipalities to the extent they are expressly made subject to this act by general or special law or existing judicial decisions. (Emphasis supplied.)
This expansive definition of agency is consistent with the stated intent of the act:
 The intent of the legislature in enacting this complete revision of chapter 120, Florida Statutes is to make uniform the rulemaking and adjudicative procedures used by the administrative agencies of this state. To that end, it is the express intent of the legislature that the provisions of this act shall replace all other provisions in the Florida Statutes, 1973, relating to rulemaking, agency orders, administrative adjudication, or judicial review of administrative action . . . . [Section 120.72(1), F. S.]
The enumeration of agencies in s. 120.52(1)(b), F. S., appears to be directed to the various types of intergovernmental programs and regional governmental agencies or districts existing in the state. The adjective `state' evidently modifies each of the described units, such as commission, regional planning agency, board, and district thereafter listed. Moreover, the expressly inclusive reference to boards, commissions, and districts described in Chs. 160, 163, 298, 373, 380, and 582, F. S., such as regional transportation authorities, intergovernmental programs, drainage and water management districts, water resource boards, regional planning councils, and land and water control districts, reflects a legislative purpose to include within the ambit of Ch. 120, F. S., all intergovernmental or regional agencies and programs. For the purposes of Ch. 120, such agencies and programs are designated state agencies.
In contrast, however, the Lower Florida Keys Hospital District, as created by special act of the Legislature, is a special tax district existing only in Monroe County, Florida, or a part thereof, Ch. 67-1724, Laws of Florida, as amended by Chs. 69-1322
and 73-558. While the Lower Florida Keys Hospital District is evidently not of the character included under the provisions of s.120.52(1)(b), F. S., the question remains whether it is brought within the definition of `agency' by the provisions of s.120.52(1)(c), F. S. In Sweetwater Utility Corp. v. Hillsborough County, 314 So.2d 194 (2 D.C.A. Fla., 1975), the court considered the issue of whether the Board of County Commissioners of Hillsborough County is an agency within the meaning of s.120.52(1)(c). Noting that the board of county commissioners, just as a special tax district, is recognizable as a `unit of government in the state,' the court observed:
 On might reasonably contend that the Board of County Commissioners is necessarily a `unit of government in the state.' Yet, the legislature specifically chose to include counties within the definition only if `expressly made subject to this act by general or special law or existing judicial decisions.' [Sweetwater Utility Corp. v. Hillsborough County, supra, 195.]
The import of the distinction drawn by the court, and of the particular punctuation appearing in s. 120.52(1)(c), is that the phrase `to the extent they are expressly made subject to this act by general or special law or existing judicial decisions' is in limitation of applicability of the Administrative Procedure Actonly to counties and municipalities. Such a construction of the limiting clause in the agency definition would result in the conclusion that the act applies to every unit of government within the state, with the exception of counties and municipalities, and counties and municipalities would be included only by legislative act or judicial decision.
The foregoing possible construction of the provisions of s.120.52(1)(c), F. S., led a former member of the Law Revision Council, who served as chairman of the council's Committee on the Administrative Procedure Act Project, to observe:
 The punctuation of this provision is troublesome. If a comma had been inserted after the word `municipalities,' the provision would be a reasonably clear expression of the intent of the Law Revision Council, as expressed in its Reporter's Comments to the similarly worded draft approved by the Council. [Footnote omitted.]
 Under this interpretation, the Act would cover: (1) the state and (2) each other unit of government (including but not limited to counties and municipalities) to the extent that they are made subject to the act by general or special law, or by existing judicial decisions (that is, decisions rendered before enactment of the 1974 revision of the APA, which declared the 1961 APA applicable). The absence of a comma in the location indicated could lead to a different interpretation, to the effect that the Act covers: (1) the state; (2) counties and municipalities to the extent they are made subject to the Act by general or special law, or by `existing' judicial decisions; and (3) all units of government in the state other than the state, counties and municipalities, without the need for a law or judicial decision to make the Act applicable — this last category can include such units as school boards and tax adjustment boards, which arguably do not fall within the categories of state, county or municipal government. No indication can be found that the legislature intended this latter interpretation. This author prefers to view the statutory language as a carelessly punctuated attempt to carry out the intent of the Law Revision Council. [Levinson, The Florida Administrative Procedure Act: 1974 Revision and 1975 Amendments, 29 U. Miami L.Rev. 617, 625 (1975).]
The Reporter's Comments, cited in the text above as a footnote, provide:
 `Local and regional government units of all types are brought under the act to the extent that the legislature chooses to do so . . . .' Reporter's comments on Proposed Administrative Procedure Act for the State of Florida, submitted to the Florida Law Revision Council, March 9, 1975, at 9 . . . . These comments accompanied the Reporter's Draft of the proposed statute, dated March 1, 1974. The comments were generally available to legislators and others during the following few weeks while the legislative process leading to the enactment of the APA took place. [Levinson at 625.]
Arguably, the lack of comma after the word `municipalities' within s. 120.52(1)(c), F. S., suggests that the provision requiring either legislative act or judicial decisions to extend application of the act is limited only to counties or municipalities. The Supreme Court has addressed the role of punctuation in construction:
 We realize that punctuation is considered to be the most fallible and the least reliable indication of the legislative intent in interpreting a statute. Historically, parliamentary enactments originally were not punctuated at all. However, the Legislatures of our country have consistently attempted to follow the rules dictated by the grammar books with the result that statutes now are punctuated prior to enactment.
 The better rule now seems to be that the punctuation is a part of the Act and that it may be considered in the interpretation of the Act but it may not be used to create doubt or to distort or to defeat the intention of the legislature. [Wagner v. Botts, 88 So.2d 611, 613 (Fla. 1956).]
Choosing to rely upon the informative expressions of intent of the original drafters of the act, I conclude that each `other unit of government in the state,' if not specifically included by the provisions of s. 120.52(1)(a) or (b), just as are counties and municipalities, is exempt from the Administrative Procedure Act unless expressly made subject thereto by judicial decision or legislative act. Cf. AGO 075-140 concluding in part that `[t]he inclusion of counties within definitional s. 120.52(1)(c), F. S., is very limited and is restricted to the direct inclusion by reference to general or special law, or judicial decision . . . .'
Accordingly, I am of the opinion the Lower Florida Keys Hospital District, as a unit of local government with jurisdiction in only one county or a part thereof, is therefore not a state agency as defined in s. 120.52(1)(a) and (b), F. S.; rather, as a unit of government within the state as specified in s. 120.52(1)(c), F. S., it is subject to the Administrative Procedure Act only if expressly made subject thereto by legislative act or judicial decision. Therefore, since there is neither a special nor general legislative act, nor an existing judicial decision, applying or extending the Administrative Procedure Act to the Lower Florida Keys Hospital District, your question is answered in the negative.
Prepared by: Thomas M. Beason Assistant Attorney General