BERANEK, Judge.
This is an appeal from a decision of the Palm Beach County Environmental Control Board. The Board found appellant guilty of maintaining an abandoned and improperly plugged water well. We reverse and remand for further proceedings.
Appellant, a utility company, owns real estate in Palm Beach County containing a water well which they plugged by placing a cap on it. The Palm Beach County Health Department cited the appellant for noncompliance with Chapter 17-22.14 of the Florida Administrative Code. The Health Department charged that appellant had merely capped the well instead of properly plugging it in accordance with the requirements of the Florida Administrative Code. Prior to hearing before the Palm Beach County Environmental Control Hearing Board, the appellant moved to dismiss the charge against it on several grounds. The motion to dismiss was denied and an order subsequently entered requiring that the water well be plugged in a manner meeting approval of the Department of Environmental Regulations. We are not advised by any party of any danger to public health as a consideration in this case. The well is apparently not in use as a public or private water supply.
Appellant was cited for and found to be in violation of the Palm Beach County Environmental Control Ordinance 76-1. More specifically, appellant was found to be in violation of Chapter 17-22.14 of the Florida Administrative Code which requires plugging of wells no longer in use. The County Ordinance 76-1, Section 2, reads in relevant part:
All rules to date adopted by the Florida Department of Environmental Regulation . .. pursuant to (Chapter 381, Florida Statutes) ... are hereby adopted and incorporated by reference as part of this Ordinance to the same extent and to the same effect as if the provisions of each ... rule had been set out in full. (Emphasis supplied).
The county ordinance under which appellant was charged adopted by reference the State regulation. As appellant argued by motion to dismiss, Chapter 17-22.14 of the Florida Administrative Code was repealed effective March 9, 1978, which was prior to the date of the Health Department’s initial charges. Appellant thus argued that the repeal of the State regulation on water wells meant there was in fact no regulation in effect in Palm Beach County because the County had merely adopted the State regulation by reference.
The County Hearing Board denied the motion to dismiss and we reverse on this ground. A statute or regulation may adopt by reference another statute or regulation. Once adopted by specific reference, the subsequent repeal of the initial statute will not have the effect of rendering void the latter adoption by reference unless a contrary intent clearly appears. Overstreet v. Blum, 227 So.2d 197 (Fla.1969). Florida follows the general rule which distinguishes between adoption by specific reference and adoption by general reference. If adopted by general reference, the rule is to the contrary of that applied to adoptions by specific reference and the subsequent repeal of the regulation renders the adoption by reference unenforceable. Reino v. State, 352 So.2d 853 (Fla.1977). In this case we hold that the State regulation was adopted by general reference rather than adopted *117 by specific reference. We thus conclude that there was no County regulation in force and effect at the time of the violation in question and that the matter should have been dismissed. The order finding appellant to be in violation of the regulation is vacated and the cause remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
MOORE and HURLEY, JJ., concur.