426 So.2d 1285 (1983)
HILLSBOROUGH COUNTY ENVIRONMENTAL PROTECTION COMMISSION, Petitioner,
v.
William E. WILLIAMS, Hearing Officer for the Florida Division of Administrative Hearings, Respondent.
No. 82-1207.
District Court of Appeal of Florida, Second District.
February 16, 1983.
Michael N. Kavouklis, County Atty. and Sara M. Fotopulos, Asst. County Atty., Tampa, for petitioner.
Jim Smith, Atty. Gen., and John J. Rimes, III, Asst. Atty. Gen., Tallahassee, Thomas W. Reese, St. Petersburg, for respondent.
PER CURIAM.
The petitioner, Hillsborough County Environmental Protection Commission (HCEPC), having filed a petition for writ of prohibition, upon consideration it is ordered that the petition is hereby granted.
Richard Ireland had filed a petition with the Florida Division of Administrative Hearings (DOAH), respondent, pursuant to section 120.56, Florida Statutes (1981), challenging the noise rule as adopted by the HCEPC. See Rules of the Hillsborough County Environmental Protection Commission, chapters 1-10 (June 10, 1976, revised *1286 Apr. 13, 1978). The respondent, acting on Richard Ireland's petition and pursuant to section 120.56, Florida Statutes, assigned the case to William E. Williams, hearing officer with the DOAH. Petitioner filed a motion to dismiss with the respondent alleging that Richard Ireland's petition is not subject to the jurisdiction of the Administrative Procedure Act, Chapter 120, Florida Statutes (1981). After hearing arguments by counsel, the respondent denied petitioner's motion to dismiss.[1] The petitioner then requested this court to issue a writ of prohibition to prevent the respondent from assuming jurisdiction over it. We agree with the petitioner, and hereby grant the writ of prohibitin.
The petitioner is a local governmental agency created by special act of the legislature, Chapter 67-1504, Laws of Florida (1967), as amended. It is composed of members of the board of county commissioners and its jurisdiction is within the boundaries of Hillsborough County. The special act which created the petitioner incorporated by reference the Administrative Procedure Act, Chapter 120, Part III, Florida Statutes. Part III of the APA had dealt with judicial review of administrative orders and rules. In 1974, chapter 120, including part III, was repealed and replaced by a new chapter 120. See Chapter 74-310, Laws of Florida.
Section 120.72, Florida Statutes (1975), makes uniform the procedures used by the administrative agencies of the state. More specifically:
120.72 Legislative intent; prior proceedings and rules; exception. 
(1) The intent of the legislature in enacting this complete revision of chapter 120, Florida Statutes, is to make uniform the rulemaking and adjudicative procedures used by the administrative agencies of this state. To that end, it is the express intent of the legislature that the provisions of this act shall replace all other provisions in the Florida Statutes, 1973, relating to rulemaking, agency orders, administrative adjudication, or judicial review [of administrative action], except for marketing orders adopted pursuant to chapters 573 and 601.
As chapter 67-1504, in creating the petitioner, incorporated the administrative procedures relating to judicial review which were then extant, the issue before this court is whether the legislature, in enacting section 120.72, intended for it to apply to the petitioner.
This court takes the position that section 120.72 is a savings clause and does not apply to the petitioner. The legislature enacted section 120.72 "to replace all other provisions in the Florida Statutes 1973, relating to rulemaking, agency orders, administrative adjudication, or judicial review [of administrative action]." The statute, by its terms, does not apply to special acts of the legislature. The term "Florida Statutes 1973" is used to designate the official Florida Statutes of 1973 and contains only statutes of general and permanent nature. § 11.2421, Florida Statutes (1973). Hence, as the petitioner, HCEPC, was created by a special act, section 120.72 will not apply to it. See Siddeeq v. Tallahassee Memorial Hospital, 364 So.2d 99 (Fla. 1st DCA 1978).
In Siddeeq, the petitioner sought review of an order by the municipal hospital board of Tallahassee Memorial Hospital. The municipal board was created by special act of the legislature in Chapter 65-2299, Laws of Florida. The court held that because no general or special law mandates otherwise, the board is not an "agency" within the meaning of section 120.52(1)(c), Florida Statutes (1977).
Similarly, the petitioner is a commission created by special act and, in the absence of any general or special law mandating otherwise, it is not an agency within the meaning of the APA.
Therefore, in accepting Richard Ireland's petition and assuming jurisdiction over the *1287 HCEPC, the respondent is acting outside its authority as established by chapter 120.
Accordingly, the writ of prohibition is hereby GRANTED.
RYDER, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] The order cited to chapter 67-1504, sections 9 and 19(4), Laws of Florida.