564 So.2d 1227 (1990)
STATE of Florida, ex rel. John J. BETTENDORF, Petitioner,
v.
MARTIN COUNTY ENVIRONMENTAL CONTROL HEARING BOARD, Respondent.
No. 89-2308.
District Court of Appeal of Florida, Fourth District.
August 1, 1990.
William D. Anderson, Jr., of William D. Anderson, Jr., P.A., Stuart, for petitioner.
Jonathan A. Ferguson, Asst. County Atty., and William E. Guy, Jr., Stuart, for respondent.
EN BANC
WARNER, Judge.
The petitioner has requested that this court issue a writ of prohibition to prevent the Martin County Environmental Control Hearing Board from conducting a hearing involving petitioner. We address the question of our jurisdiction to issue such a writ and hold that we do not have jurisdiction.
The Martin County Environmental Control Hearing Board was created by a special act of the legislature, Chapter 78-560. It provides for the Board of County Commissioners of Martin County to establish and enforce environmental standards within the county. Its provisions are completely intra-county in operation. This special act provides for enforcement provisions and provides in part in section 12:
Judicial review.
The Environmental Control Office or any person aggrieved by any action or decision of the Hearing Board may seek judicial review as provided by section 120.68, Florida Statutes.
The Environmental Control Board of Martin County cited petitioner for violations and then scheduled a hearing on those violations. The petitioner claimed that because of the expiration of the time limit in the Martin County Code for the holding of a hearing, the Board had lost jurisdiction over him regarding the citations. The Board denied the motion to dismiss directed to its jurisdiction.
The petitioner filed both a complaint for declaratory relief and a writ of prohibition in the circuit court as well as a petition for writ of prohibition in this court. At a hearing on the petition for writ of prohibition, the trial court dismissed the petition for lack of jurisdiction, finding that the circuit court did not have jurisdiction to entertain writs of prohibition where the circuit court did not have appellate jurisdiction. The petitioner has appealed that order, which is the subject of a companion case. We will not address the merits of that appeal in this opinion because the parties have not had an opportunity to brief the issues. However, in considering the *1228 petition for writ of prohibition filed in this court, we are faced with the question of our jurisdiction to entertain a writ of prohibition against the Martin County Environmental Control Hearing Board.
Special writ jurisdiction follows the appellate process. Jurisdiction to issue a writ of prohibition and all writs necessary or proper to the complete exercise of a court's jurisdiction is limited to such writs in proceedings involving a subject matter over which that court has original or appellate jurisdiction. State ex rel. Fla. Real Estate Commission v. Anderson, 164 So.2d 265 (Fla. 2d DCA 1964). Where the court does not have appellate jurisdiction, that court cannot exercise special writ jurisdiction directed to the Board. State ex rel. Brewer v. Pettie, 294 So.2d 120 (Fla. 4th DCA 1974); State ex rel. Sentinel Star Co. v. Lambeth, 192 So.2d 518 (Fla. 4th DCA 1966). Therefore, if this court does not have direct appeal jurisdiction, it has no jurisdiction to issue a special writ.[1]
Appellees contend that this court does not have direct appeal jurisdiction by the provisions of section 12 which provide for review pursuant to section 120.68, Florida Statute (1987). That statute is part of the Administrative Procedures Act which provides that appeals from final agency actions shall be to the District Court of Appeal. However, both appellant and appellee agree that the Environmental Control Board is not an agency within the definition of the Administrative Procedures Act, section 120.52(1)(a)  (c), Florida Statutes (1987), and we also agree. See Rubinstein v. Sarasota County Public Hosp. Bd., 498 So.2d 1012 (Fla. 2d DCA 1986); Booker Creek Preservation, Inc. v. Pinellas Planning Council, 433 So.2d 1306 (Fla. 2d DCA 1983); Hillsborough County Environmental Protection Commission v. Williams, 426 So.2d 1285 (Fla. 2d DCA 1983).
Nevertheless, appellee claims that the reference in section 12 of Chapter 78-560 for "review as provided under section 120.68" confers on this court jurisdiction to review board action. With this we disagree. Section 120.68, Florida Statutes (1987), provides for review of "agency action," and the appellee has conceded that it is not an agency within the meaning of that statute. Therefore, the effect of section 12 is to confer by special law jurisdiction on this court to review action taken by the local Martin County Environmental Control Hearing Board. This is contrary to Article V, Section 4 of the Florida Constitution which provides in part:
(b) JURISDICTION ...
(2) District courts of appeal shall have the power of direct review of administrative action, as prescribed by general law (emphasis supplied).
Since Chapter 78-560 is a special law, it cannot confer jurisdiction on this court. Board of County Com'rs of Hillsborough County v. Casa Development Limited, 332 So.2d 651 (Fla. 2d DCA 1976). In Casa Development a special act of the legislature provided authority for Hillsborough County to issue water and sewer franchises. The act provided for appeal jurisdiction to the circuit court. The second district held that Article V gave circuit courts the power of direct review of administrative action only when provided by general law and that clearly the Hillsborough special act was not a "general law." Therefore, no direct appeal jurisdiction existed.
Equally clear is the fact that Article V confers jurisdiction on the District Courts of Appeal to review administrative action by direct appeal only when provided by general law. The special act creating the Martin County Environmental Control Hearing Board is not a "general law". Therefore, there is no appeal jurisdiction in this court.
In coming to this conclusion we acknowledge that some previous cases out of this court infer that we have jurisdiction, and we recede from any such inference created by our decision in Palm Beach County Nat. Utility Co., Inc. v. Palm Beach County Health Dept., 390 So.2d 115 (Fla. *1229 4th DCA 1980) (decided under a similar Palm Beach County special act) and our per curiam opinion in Governor's Landing and Eighth Holding  818 Corp. v. Martin County, 545 So.2d 880 (Fla. 4th DCA 1989). It does not appear that the jurisdictional issue was raised, although in each case jurisdiction appears to have been assumed by this court.
Since section 22 of Chapter 78-560 makes each section severable, the invalidity of the direct appeal provided in section 12 does not affect the other provisions of the law. Furthermore, even though the right of direct appeal has been invalidated, the parties still have a right to review of Board action by certiorari to the circuit court. See Cherokee Crushed Stone v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982).
Having found that we do not have appellate jurisdiction, we have no jurisdiction to issue this writ of prohibition. Therefore we dismiss the petition.
HERSEY, C.J., and DOWNEY, ANSTEAD, LETTS, GLICKSTEIN, DELL, WALDEN, GUNTHER, STONE, POLEN and GARRETT, JJ., concur.
NOTES
[1] There is no contention, nor can there be, that the district court has original jurisdiction in this case.