581 So.2d 225 (1991)
Jack HILL, et al., Appellants,
v.
MONROE COUNTY, a Political Subdivision of Florida, the Department of Community Affairs, State of Florida, and the Administration Commission, State of Florida, Appellees.
No. 90-2889.
District Court of Appeal of Florida, Third District.
June 11, 1991.
Rehearing Denied July 22, 1991.
*226 Mattson Tobin & Vetrick and James S. Mattson, Key Largo, for appellants.
Mark Graham Hanson, Asst. County Atty., for appellee Monroe County.
G. Steven Pfeiffer, General Counsel, and Sherry A. Spiers, Asst. General Counsel, Tallahassee, for appellees Dept. of Community Affairs and Admin. Com'n.
Before BARKDULL, BASKIN and LEVY, JJ.
LEVY, Judge.
In its December 12, 1990 Order of Dismissal, the trial court dismissed appellants' complaint, "with prejudice", for: (1) "Failure to exhaust all administrative remedies as provided in Florida Statute 120"; (2) "Failure to state a cause of action"; and (3) "Failure to allege damages." We find the trial court erred and, therefore, we reverse.
Appellants, who are various property owners in the Florida Keys, brought suit against Monroe County, the Department of Community Affairs ["Department"], and the Administration Commission of Florida for inverse condemnation of appellants' properties, a temporary taking by regulation of appellants' properties, and violations of appellants' Federal Constitutional rights by enacting arbitrary zoning regulations that give a competitive advantage to a particular industry.
We first find error in the trial court's dismissal of appellants' complaint for "[f]ailure to exhaust all administrative remedies as provided in Florida Statute 120." At the outset, we note that Chapter 120, Florida Statutes (1989), also known as the "Administrative Procedure Act," only applies where a challenge is made to a State agency action. Chapter 120 does not apply to the regulations enacted by a County Commission, unless the county is expressly made subject to Chapter 120 by general or special law. Section 120.52(1)(c), Florida Statutes (1989). See also Sweetwater *227 Utility Corp. v. Hillsborough County, 314 So.2d 194 (Fla. 2nd DCA 1975) (Board of County Commissioners of Hillsborough County held was not to be an "agency" within the meaning of Section 120.52(1)(c) in the absence of a general law, special law or existing judicial decisions.). In this case, Monroe County was not made subject to Chapter 120.
Furthermore, appellants were not required to "exhaust administrative remedies" as to their action against Monroe County because the review process afforded by Chapter 120 would not have been able to directly set aside the regulation and/or ordinance passed by the Monroe County Commission. While there were causes of action against the Department which would be subject to Chapter 120's administrative review process, appellants should not be required to seek their remedies in a piecemeal fashion with pursuit of some remedies (against the Department) by way of administrative review and the pursuit of the remaining remedies (against Monroe County) in Circuit Court. Appellants are entitled to file their whole case in Circuit Court and have it heard there in its entirety.
Furthermore, without applying the exhaustion of remedies doctrine, supra, we find that the dismissal by the trial court on the other grounds should have been "without prejudice", thereby allowing the appellants an opportunity to amend their complaint.
As to the trial court's dismissal for failure to state a cause of action, appellants should be given the opportunity to amend their Complaint to specifically allege which causes of action apply to Monroe County, and which apply to the Department.
As to the trial court's dismissal for failure to allege damages, and in light of the fact that the trial court is being directed to delete the "with prejudice" portion of the order of dismissal on remand, the appellants will have an opportunity to allege, in the causes of actions that require allegations of damages, what damages were suffered, and what specific actions of each defendant are alleged to have caused those damages.
For the foregoing reasons, this cause is reversed and remanded with directions to delete the "with prejudice" portion of the Order of Dismissal to afford appellants an opportunity to amend their complaint.
Reversed and remanded with directions.