683 So.2d 1136 (1996)
Gertrude CARUSO, Petitioner,
v.
TERRY'S FOODS, INC. and Gallagher Bassett Insurance Services, Inc., Respondents.
No. 96-3785.
District Court of Appeal of Florida, Fourth District.
December 11, 1996.
Jonathan M. Sabghir of the Law Office of Jonathan M. Sabghir, P.A., Tamarac, for petitioner.
No appearance for respondents.

ORDER OF TRANSFER
KLEIN, Judge.
Petitioner seeks review by certiorari of an order requiring production of records entered by a judge of compensation claims. Although the rules provide for exclusive jurisdiction for workers' compensation appeals in the First District Court of Appeal, there is no similar provision for writs. We nevertheless conclude that jurisdiction is with the first district and therefore transfer this petition to that court.
Rule 4.160[1] of the Florida Rules of Workers' Compensation Procedure provides in part:
(a) Jurisdiction of District Court.[2]
(1) The district court shall review by appeal any final order of a judge and any nonfinal order of a judge that adjudicates:
(A) jurisdiction;
(B) venue; or
(C) compensability, provided that the order expressly finds an injury occurred within the scope and course of employment and that the claimant is entitled to receive causally related benefits in some amount, and provided further that the judge certifies in the order that determination of the exact nature and amount of benefits due to the claimant will require substantial expense and time.
* * * * * *
(g) Other Review. Nothing in this rule shall be interpreted as precluding other original proceedings in the district court as *1137 provided in the Florida Rules of Appellate Procedure.
The Florida Rules of Appellate Procedure govern workers' compensation appeals except where it is otherwise provided in the workers' compensation rules. Fla.R.Work. Comp.P. 4.156. Accordingly, we cannot determine from the rules alone where jurisdiction lies. Case law, however, persuades us that it is in the first district.
In Nellen v. State, 226 So.2d 354, 355 (Fla. 1st DCA 1969), petitioner sought a writ of common law certiorari to review an order of a county judge sitting in his capacity as a committing magistrate. After quoting treatises which explained that common law certiorari jurisdiction is an exercise of a superior court's supervisory jurisdiction over the inferior court, the first district stated:
From the foregoing we conclude and so hold that the common law writ of certiorari is issuable only by those courts which are vested by law with supervisory appellate jurisdiction over the decisions of the court whose order is challenged and for which certiorari review is sought.
Under similar circumstances, this court concluded in State ex rel. Bettendorf v. Martin County Environmental Control Hearing Board, 564 So.2d 1227, 1228 (Fla. 4th DCA 1990), that:
Special writ jurisdiction follows the appellate process. Jurisdiction to issue a writ of prohibition and all writs necessary or proper to the complete exercise of a court's jurisdiction is limited to such writs in proceedings involving a subject matter over which that court has original or appellate jurisdiction.
We therefore conclude that we are without jurisdiction. Pursuant to Florida Rule of Appellate Procedure 9.040(b), which authorizes a proceeding commenced in an "inappropriate court," to be transferred to "an appropriate court," we transfer this petition for certiorari to the first district.
GUNTHER, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] Effective January 1, 1997, the worker's compensation rules relating to appeals have been consolidated into the Florida Rules of Appellate Procedure. Accordingly, most of the provisions of rule 4.160 will be found in the new rule 9.180. Amendments to Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996).
[2] "District court" is defined as the First District Court of Appeal. Fla.R.Work.Comp.P 4.020(a).