720 So.2d 1151 (1998)
Edward D. ECKERT, M.D., Petitioner,
v.
BOARD OF COMMISSIONERS OF THE NORTH BROWARD HOSPITAL DISTRICT, Respondent.
No. 98-1485.
District Court of Appeal of Florida, Fourth District.
November 18, 1998.
Nancy W. Gregoire, and Richard T. Woulfe of Bunnell, Woulfe, Kirschbaum, Keller & McIntyre, P.A., Fort Lauderdale, for petitioner.
Vanessa A. Reynolds of Conrad & Scherer, Fort Lauderdale, for respondent.
*1152 GROSS, Judge.
Edward D. Eckert, M.D., has filed a petition for writ of certiorari to the Board of Commissioners of the North Broward Hospital District ("District") seeking review of the District's decision to suspend Dr. Eckert's staff privileges at the Coral Springs Medical Center for two years, pursuant to section 395.0193, Florida Statutes (1997). We hold that this court lacks jurisdiction over the petition.
In his jurisdictional statement, Dr. Eckert indicates that he is unsure whether this court has jurisdiction. He notes that the District is a special taxing district created by special law, Chapter 27438, Laws of Florida (1951). He could find no general law conferring jurisdiction on this court to review the District's decision. In filing his petition in this court, Dr. Eckert relied upon the District's bylaws, which provide that a decision of the Board of Commissioners to refuse, revoke, or suspend medical privileges is a quasi-judicial function subject to judicial review by certiorari to this court. But for those bylaws, Dr. Eckert would have filed his petition in the circuit court, in accordance with Board of County Commr's of Brevard County v. Snyder, 627 So.2d 469, 476 (Fla.1993). Dr. Eckert asks this court to determine whether it has jurisdiction.
The District urges this court to accept jurisdiction. It argues that its bylaws are based on section 31(2)(e) of the special act, as amended, which conferred jurisdiction on this court.
This case involves review of an "administrative action," which Florida Rule of Appellate Procedure 9.020(a) defines as follows:
Administrative action shall include:
(1) final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes;
(2) non-final action by an agency or administrative law judge reviewable under the Administrative Procedure Act;
(3) quasi-judicial decisions by any administrative body, agency, board or commission not subject to the Administrative Procedure Act; and
(4) administrative action for which judicial review is provided by general law.
The correct method for review of an administrative action depends on whether the action was by a state agency that is subject to the Administrative Procedure Act ("APA") or a local administrative body not subject to the APA. See Padovano, Florida Appellate Practice § 23.1, at p. 440 (2d ed.1997). Article V, section 4(b)(2) of the Florida Constitution grants district courts of appeal the power of "direct review of administrative action, as prescribed by general law." Florida Rule of Appellate Procedure 9.030(b)(1)(C) provides that judicial review of "administrative action" shall be by appeal, "if provided by general law."
The first issue to confront is whether the Administrative Procedure Act, Chapter 120, Florida Statutes (1997), confers jurisdiction on this court. Clearly, the APA is "general law" within the meaning of the constitution.
Section 120.68(2), Florida Statutes (1997), provides that judicial review of final agency action shall be in the district courts of appeal. To be subject to this section of the APA, the administrative body whose decision is challenged must fall within the statutory definition of an "agency" contained in section 120.52(1), Florida Statutes (1997).[1]See Padovano *1153 at § 23.2, p. 441. If an administrative agency does not qualify as a state agency under the APA, it is considered to be a local administrative body whose decisions are reviewable by certiorari in the circuit court. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982); Padovano, § 23.4, at 447.
In State ex rel. Bettendorf v. Martin County Envtl. Control Hearing Bd., 564 So.2d 1227 (Fla. 4th DCA 1990) (en banc), this court considered whether it had jurisdiction to entertain a writ of prohibition against the Martin County Environmental Control Hearing Board, which was created by a special act of the legislature. To decide the case, we had to determine whether this court had direct appeal jurisdiction, since "[s]pecial writ jurisdiction follows the appellate process." Id. at 1228. We concluded that the Martin County Environmental Control Board was not an "agency" within the meaning of the APA, noting that "[i]ts provisions are completely intra-county in operation." Id. at 1227. To reach this conclusion, we cited to Rubinstein v. Sarasota County Pub. Hosp. Bd., 498 So.2d 1012 (Fla. 2d DCA 1986); Booker Creek Preservation, Inc. v. Pinellas Planning Council, 433 So.2d 1306 (Fla. 2d DCA 1983); and Hillsborough County Envtl. Protection Comm'n v. Williams, 426 So.2d 1285 (Fla. 2d DCA 1983). These cases addressed the issue of when an administrative body was a state agency under the APA. Of the three, Rubinstein is the most helpful.
In Rubinstein, a physician sought appellate review of a final order of the Sarasota County Public Hospital Board which denied the physician reappointment to the hospital staff. The second district had to decide whether the board's decision was directly reviewable as the decision of an "agency" within the meaning of section 120.52(1). If not, then review would be by petition for writ of certiorari in the circuit court. Rubinstein, 498 So.2d at 1013. The court noted that the APA refers to three types of agencies, two of which clearly were inapplicable: agencies of the governor, and other units of government expressly made subject to the APA by general or special law or existing judicial decisions. See id. (citing § 120.52(1)(a) and (c), Fla. Stat. (1985)). The court found that the Sarasota County Public Hospital Board was established by special law in 1949 and that neither legislation nor judicial precedent provided that the board was governed by the APA. See Rubinstein, 498 So.2d at 1013.
The second district observed that the third kind of agency contemplated under the definition in section 120.52(1) includes, inter alia, departments with statewide jurisdiction, regional planning agencies, conservation boards, and land and water management districts. See § 120.52(1)(b), Fla. Stat. The court held that the hospital board was not an agency under this third definition because the board operated wholly within the county. See Rubinstein, 498 So.2d at 1014. To reach its decision, the second district relied on decisions in which agencies were found not to fall within the APA where they were not comparable to statewide agencies or even regional, intercounty agencies. Rather, the agencies operated only within a county and were therefore more like local or municipal entities rather than state entities. See id. (citing e.g., Booker Creek, 433 So.2d at 1307) (finding that intra-county agencies created by special act, such as the Pinellas Planning Council, are local governmental decision-making bodies rather than state entities and, since not expressly made subject to the APA by law, are therefore not subject to the APA); Siddeeq v. Tallahassee Mem'l Hosp., 364 So.2d 99 (Fla. 1st DCA 1978) (holding that where municipal hospital board was created by special act of the legislature, as part of the municipality and because no general or special law mandates otherwise, the board is not an agency within the meaning of the APA).
Rubinstein noted that the physician had cited Horgan v. South Broward Hosp. Dist., 477 So.2d 617 (Fla. 4th DCA 1985), in support of his contention that the district court had jurisdiction. Rubinstein, 498 So.2d at *1154 1014. In Horgan, this Court held that administrative action taken by the South Broward Hospital District (SBHD) was reviewable by appeal, not certiorari, because the SBHD was primarily acting as a state agency under the APA. See 477 So.2d at 617. In so holding, Horgan relied on Lee v. South Broward Hosp. Dist., 473 So.2d 1322 (Fla. 4th DCA 1985), which held that the SBHD, a hospital taxing district, was a state agency within the meaning of the sovereign immunity statute, section 768.28, Florida Statutes (Supp.1980). It is not clear from our very brief opinion in Horgan that the issue of whether review should be in this court or the circuit court was raised.
Rubinstein opined that this court's decision in Lee did not support the decision in Horgan, because Lee evaluated whether the hospital district was a state agency for purposes of the sovereign immunity statute, "a statute envisioning a much broader definition of agency than the APA." Rubinstein, 498 So.2d at 1013. We agree with this analysis in Rubinstein. By following Rubinstein in Martin County Envtl. Control Hearing Bd., 564 So.2d at 1228, an en banc decision, this court implicitly receded from Horgan, insofar as it supports jurisdiction in this court.
The bottom line is that North Broward Hospital District is a special taxing district, created by special law, that operates wholly within Broward County and that has not been expressly made subject to the APA. The District's decision is a quasi-judicial, final action of a local administrative agency not subject to the APA. See Fla.R.App.P. 9.020(a)(3), 9.190(b)(3). No provision of general law confers jurisdiction on this court to review the District's decision. For these reasons, we hold that this court lacks jurisdiction over this case.
The District argues that section 31(2)(e) of the special act creating the District conferred jurisdiction on the district court of appeal. A 1963 amendment to the special act provided for judicial review of a decision to suspend staff privileges by writ of certiorari to the second district court of appeal. See Ch. 27438, Laws of Fla. (1951), as amended by Ch. 63-1192, § 5. At that time, the second district had jurisdiction over appeals from Broward County. A 1965 amendment reconfirmed that judicial review was by certiorari to the second district. Ch. 65-1319, § 1, Laws of Fla. In 1967, section 31(2)(e) of Chapter 27438 was amended to provide that judicial review was by certiorari to the district court of appeal having jurisdiction over Broward County. See Ch. 67-1170, § 1, Laws of Fla.
In 1972, Article V of the Florida Constitution was amended to provide that "[d]istrict courts of appeal shall have the power of direct review of administrative action, as prescribed by general law." Art. V, § 4(b)(2), Fla. Const. (emphasis supplied)[2]. Those portions of Chapter 27438, as amended, which conferred certiorari jurisdiction in district courts of appeal were special laws; no general law conferred jurisdiction.[3]
The District asserts that at the time the legislature conferred jurisdiction on the district courts of appeal by special law, the Florida Constitution provided that "district courts of appeal shall have such powers of direct review of administrative action as may be provided by law." Art. V, § 5(3), Fla. Const. (1956). The District contends that the 1972 constitutional amendment should not be read to invalidate special laws that did not contravene the constitution when originally enacted.
In support of this contention, the District relies on Florida Cities Water Co. v. Board of County Commr's of Sarasota County, 281 So.2d 580 (Fla. 2d DCA 1973), in which the *1155 petitioner sought review in the district court of an order issued by the Board of Commissioners. The Board argued that jurisdiction lay in the circuit court pursuant to a 1967 special act providing for judicial review in the circuit court. Prior to the 1972 amendments to the Constitution, it is clear that the circuit court would have had jurisdiction over the case. However, the 1972 amendments to Article V provided that the circuit courts had the power of direct review of administrative action when prescribed by general law. The issue in Florida Cities was whether the amendment to Article V invalidated or impliedly repealed the special law that conferred jurisdiction on the circuit court. The second district held that it did not:
Although the question is a close one, we have concluded that the new Article V does not impliedly invalidate the previously existing special act and ordinance giving jurisdiction in cases such as this to the circuit court.... We do not think it was the intent of the new Article V to drastically change the jurisdiction of the circuit courts with regard to reviewing various administrative orders.
281 So.2d at 582. The court upheld the validity of the special law and, consistent therewith, transferred the case to the circuit court. See id.
In so holding, the Florida Cities court did not discuss the Florida Supreme Court's decision in Codomo v. Shaw, 99 So.2d 849 (Fla. 1958), which essentially reached the opposite conclusion. There, section 475.35, Florida Statutes, provided that a party could appeal a final order of the Florida Real Estate Commission to the circuit court. At one time, the Florida Constitution provided for final appellate jurisdiction in the circuit courts where provided for by the legislature. However, that language was eliminated from the new Article V of the Constitution. The Supreme Court consequently concluded as follows:
This elimination of the enabling language, to our mind, demonstrates an intention on the part of the framers to remove the support for F.S. § 475.35, F.S.A., and the statute, accordingly, must fall.
Id. at 851. The Court further held that despite repeal of the statute by virtue of the amendment to Article V, the circuit court nevertheless had certiorari jurisdiction, as "[t]he writ of certiorari is ... available to obtain review in such a situation as this, where, as we have held, no other method of appeal is available." Id. at 852.
Here, as in Codomo, the constitutional predicate for the statutory grant of jurisdiction was removed by the amendment to Article V. Formerly, Article V provided that the district courts of appeal had jurisdiction to directly review administrative action "as provided by law." Article V was later amended to state that the district courts of appeal have the power of direct review of administrative action as prescribed by "general law." Since no general law confers jurisdiction on this court to review the District's decision, the court no longer has the power granted by the special law. The teaching of Codomo is that the parameters of courts' jurisdiction are governed by what the constitution says now, not what it said at some point in the past. That portion of the special law purporting to confer certiorari jurisdiction on this court was repealed by the 1972 change in wording of Article V.
We observe an anomaly in the most recent amendment to § 31(2)(e) of Chapter 27438. The constitution was amended effective January, 1973. See note 2, supra. Section 31(2)(e) was amended on June 22, 1973. See Ch. 73-411, § 1, Laws of Fla. This amendment did not remove the language providing for certiorari review in this court. Despite the change in the district courts' jurisdiction effected by the Article V amendments, the legislature, in the June, 1973 amendments to Chapter 27438, continued to purport to confer jurisdiction on the district court. We have located no further amendments to § 31(2)(e) of Chapter 27438 since 1973. Thus, "[a]s has happened in several situations since the amendment of Article V, ... we are confronted by certain statutory provisions which have not yet been amended to harmonize with the amended judiciary article of the Constitution." Star Employment Serv. v. Florida Indus. Comm'n, 122 So.2d 174, 175 (Fla.1960).
*1156 Even though a portion of Chapter 27438, as amended, was repealed by virtue of the amendment to Article V, the remainder of the special law remains valid. Section 38 of Chapter 27438 contains a savings clause providing that "[a]ny clause or section of this Act, which for any reason may be held or declared invalid, may be eliminated and the remaining portion or portions thereof shall be and remain in full force and be valid, as if such invalid clause or section had not been incorporated therein." Ch. 27438, § 38, at 411, Laws of Fla. (1951); see Martin County Envtl. Control Hearing Bd., 564 So.2d at 1229.
Although section 31(2)(e) of Chapter 27438 is invalid, Dr. Eckert may nevertheless seek review of the board's decision in the circuit court by writ of certiorari. See City of Deerfield Beach and Cherokee Crushed Stone. See generally Padovano, § 23.4 at 447 (stating that unless there is a contrary procedure established by law, review of final action by local administrative bodies is by certiorari to the circuit court).
Accordingly, we transfer this case to the circuit court for consideration as a petition for writ of certiorari. See Fla.R.App.P. 9.040(b).
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] Under section 120.52(1), Florida Statutes (1997), "Agency" means:

(a) The Governor in the exercise of all executive powers other than those derived from the constitution.
(b) Each state officer and state department, departmental unit described in s. 20.04, commission, regional planning agency, board, multicounty special district with a majority of its governing board comprised of non-elected persons, and authority, including, but not limited to, the Commission on Ethics and the Game and Fresh Water Fish Commission when acting pursuant to statutory authority derived from the Legislature, educational units, and those entities described in chapters 163, 298, 373, 380, and 582 and s. 186.504, except any legal entity or agency created in whole or in part pursuant to chapter 361, part II, an expressway authority pursuant to chapter 348, or any legal or administrative entity created by an interlocal agreement pursuant to s. 163.01(7), unless any party to such agreement is otherwise an agency as defined in this subsection.
(c) Each other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions.
[2] The amendment took effect in January, 1993. See In re Advisory Opinion to the Governor  Land Acquisition Trust Fund, 572 So.2d 1356, 1357 (Fla.1990).
[3] A general law is a "law that operates universally throughout the state, uniformly upon subjects as they may exist throughout the state, or uniformly within a permissible classification." Department of Bus. Regulation v. Classic Mile, Inc., 541 So.2d 1155, 1157 (Fla.1989). A special law is "one relating to, or designed to operate upon, particular persons or things, or one that purports to operate upon classified persons or things when classification is not permissible or the classification adopted is illegal." Id. at 1157 (quoting State ex rel. Landis v. Harris, 120 Fla. 555, 562-63, 163 So. 237, 240 (1934)).