383 So.2d 631 (1980)
The STATE of Florida, and the Taxpayers, Property Owners and Citizens of Sunrise Lakes Phase II Special Recreation District, Including Nonresidents Owning Property or Subject to Taxation Therein, Appellants,
v.
SUNRISE LAKES PHASE II SPECIAL RECREATION DISTRICT, a Taxing District of the State of Florida, Appellee.
No. 56837.
Supreme Court of Florida.
May 1, 1980.
*632 Michael J. Satz, State's Atty., and Richard J. Registro, Asst. State's Atty., Fort Lauderdale, Fla., for appellants.
Arthur B. Parkhurst, of Parkhurst, LaHurd & Purdy, Fort Lauderdale, Fla., for appellee.
OVERTON, Justice.
This is an appeal from a final judgment validating bonds secured by ad valorem taxes and other revenues for Sunrise Lakes Phase II Special Recreation District (District). We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
The primary question in issue is whether the creation of a recreation district in accordance with chapter 418, part II, and the issuance of bonds for the purpose of purchasing condominium recreation facilities, which will be available to the public as well as condominium owners, is a sufficient public purpose in compliance with article VII, section 10, Florida Constitution. The wisdom or desirability of this type of bond issue is not a matter for our consideration. Our review concerns only the legal validity of these bonds.
The state contends that the purpose of issuing bonds was to acquire recreational facilities primarily for the benefit of the residents of a single condominium development and, as such, the purpose is private and consequently in violation of article VII, section 10, Florida Constitution. The state further contends that operation of the recreational facilities by the condominium association *633 comprised of condominium owners in accordance with an operating contract with the District defeats what might otherwise be a public purpose for the bond issuance.
We understand the concern of the state but reject both contentions, finding that this bond issue is legally proper. We affirm the trial court's validation of these bonds, including its finding based on evidence in this record that this bond issue serves a valid public purpose.
The trial court determined that the creation of this recreational district primarily served a public purpose and only incidentally served any private interests. The trial court expressly found that the creation of this District was the best alternative for delivering recreational services to the area; that the District was amenable to separate special district government; and that all the territory in the District would be benefited by the proposed improvements. The trial court recognized that all the property in the District was part of a single condominium development but determined this single factor was not controlling to the issue of whether the issuance of the bonds served a valid public purpose. After taking testimony on the issue, the trial court expressly found that the proposed improvements would be available for use by the general public as well as the condominium owners for a reasonable fee. The trial court also found the existence of a contract with the condominium association to operate the facilities was not pertinent to the question of the validity of the bonds and that it had no jurisdiction to determine the validity of the contract. The court concluded by finding that all requirements of the constitution and laws of the State of Florida pertaining to the bond issuance and the adoption of the proceedings were strictly followed.
The purpose of chapter 418, part II, is to allow municipalities and counties to designate a limited geographic area as a recreation district for the purpose of providing the acquisition and improvement of recreational facilities. We must conclude that the acquisition of the facilities within the instant condominium complex is no different than acquiring similar facilities in a large single-family housing development serving the same number of people. The key is the availability of the facilities to the general public. Without that availability, there is no public purpose. This chapter demonstrates the legislative intent that the creation of recreation districts serves a valid public purpose, and a legislative determination of public purpose should be presumed valid unless it clearly appears to be beyond the power of the legislature. State v. Housing Finance Authority, 376 So.2d 1158 (Fla. 1979).
Similar to other special districts, these recreation districts are essentially financing vehicles which allow residents of a limited geographic area to provide for improvements that substantially benefit the residents in the district. State v. Sarasota County, 372 So.2d 1115 (Fla. 1979). To finance these facilities, the charter of the recreation district may grant many powers including the power to issue bonds, to collect ad valorem taxation, and to charge fees for the admission to or the use of the facilities. § 418.22, Fla. Stat. In our view, the chapter clearly contemplates that the facilities will be open to all members of the public and not just the residents of the recreation district although the residents of the district will receive the primary benefits because of their close proximity to the recreational facilities.
The second contention of the state concerns the jurisdiction of the trial court to determine the validity of the operating contract for the recreational facilities with the condominium association. This is a collateral issue that involves other parties and clearly cannot be properly resolved in a bond validation proceeding. We approve the finding of the trial court that there is no jurisdiction to determine the validity of the operating contract.
In a bond validation proceeding, the function of this Court is to determine that the authorizing body has the power to act *634 and that it exercised that power in accordance with the purpose and intent of the law. State v. Sarasota County; State v. City of Sunrise, 354 So.2d 1206 (Fla. 1978).
We find the city council of Sunrise, acting for the recreation district, is a properly established authorizing body under the laws of this state and legally exercised its power to issue bonds in accordance with the purpose of the law. The final judgment validating the bonds is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG and ALDERMAN, JJ., concur.
McDONALD, J., dissents.