Mr. Terence M. Brown City Attorney City of Starke 142 West Call Street Post Office Drawer 40 Starke, Florida 32091
Dear Mr. Brown:
This is in response to your request for an opinion on substantially the following question:
 MAY THE CITY OF STARKE CONTRIBUTE, DIRECTLY OR INDIRECTLY, TO A NONPROFIT CORPORATION'S FOOTBALL PROGRAM?
Your inquiry states that the City of Starke annually spends a significant amount of money funding a recreation department. This year your city commission, believing that it is more economical to encourage the involvement of private organizations in recreation, desires to contribute to the funding of a "Pop-Warner" football program. The commission wishes to fund the program, which is operated by a nonprofit corporation, either directly, or indirectly through the purchase of equipment. Thus, you ask whether the city may lawfully fund the programs of such a nonprofit corporation.
For the following reasons, your question is answered in the affirmative.
It is axiomatic that municipal funds may be used only for a municipal purpose, and only when properly budgeted for such purpose. AGO 72-198, s 10, Art. VII, State Const. As noted in AGO 77-27, the purpose of s 10, Art. VII (which prohibits the state, a county, municipality, school district, special district, or any agency thereof from lending or using its taxing power or credit to aid any corporation, association, partnership or person) is to protect public funds and resources from being exploited in assistance or promotion of private ventures when the public would be at most incidentally benefitted. See, e.g., Bannon v. Port of Palm Beach District, 246 So.2d 737, 741 (Fla. 1971). Pertinent cases decided under the predecessor constitutional provision, s 10, Art. IX, State Const. 1885, containing similar language to that appearing in s 10, Art. VII, State Const. 1968, indicate that where a public purpose is involved, municipalities may accomplish this purpose through the medium of a nonprofit quasi-public corporation, Burton v. Dade County, 166 So.2d 445 (Fla. 1964); Raney v. City of Lakeland, 88 So.2d 148 (Fla. 1956) and that a private, nonprofit corporation organized to carry out a public purpose or function is "quasi-public" in nature such that no constitutional limitations are violated by contractual agreements with such entities. See, AGO 71-241; Overman v. State Board of Control, 62 So.2d 696, 701 (Fla. 1953).
In AGO 72-198, my predecessor in office concluded that a municipality could expend public funds by contribution to a private nonprofit organization which operated a drug rehabilitation program since the rehabilitation constituted a public purpose. See also, AGO 75-71 (public purposes may be carried out through private nonprofit corporations as well as through public agencies); Florida Little Major League Assoc., Inc. v. Gulfport Lions Little League, 127 So.2d 707 (2 D.C.A. Fla., 1961) (concluding that city had power to lease park property to nonprofit corporation for use as a baseball field); cf., Hanna v. Sunrise Recreation, Inc., 94 So.2d 597 (Fla. 1957). Attorney General Opinion 77-27 did emphasize, however, that the presence of a public purpose is ultimately a factual determination for the Legislature (in this instance, the legislative and governing body of the city) or the courts, but that initially there must be both some clearly identified and concrete public purpose as a primary objective, and a reasonable expectation that the purpose will be accomplished. That opinion also set out the following earmarks of a quasi-public organization: (1) nonprofit, (2) voluntary, (3) open to the public, and (4) dedicated to a valid public interest. Attorney General Opinion 77-27 also concluded, in light of O'Neill v. Burns, 198 So.2d 1 (Fla. 1967), that some degree of control should be retained by the public authority to assure accomplishment of the public purpose. Compare, AGO 75-221, and AGO 75-71. For a discussion of the requirement that such programs be open or available to the general public, see, State v. Sunrise Lakes Phase II Special Rec. District, 383 So.2d 631 (Fla. 1980).
In light of the above authorities (and assuming that the nonprofit corporation in question bears all of the earmarks of a "nonprofit quasi-public corporation" as described above) it is my opinion that the City of Starke may contribute to a nonprofit corporation's football program in lieu of funding this activity through a city department, since such a program would appear to benefit the public by meeting the need for a public recreation program.
In summary, the City of Starke may contribute, directly or indirectly to a nonprofit quasi-public corporation's football program, if such a program is open to the public and satisfies a need for a public recreation program.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General