433 So.2d 1306 (1983)
BOOKER CREEK PRESERVATION, INC., Appellant,
v.
PINELLAS PLANNING COUNCIL, Appellee.
No. 82-2487.
District Court of Appeal of Florida, Second District.
July 1, 1983.
*1307 Peter B. Belmont, St. Petersburg, for appellant.
W. Gray Dunlap, County Atty., and Steven M. Seibert, Asst. County Atty., Clearwater, for appellee.
LEHAN, Judge.
Booker Creek Preservation, Inc., a Florida non-profit corporation, appeals from a Division of Administrative Hearings final order dismissing a petition for a section 120.56, Florida Statutes (1981), rule challenge proceeding concerning the adoption of a land use plan amendment by the Pinellas Planning Council (the "PPC"). The DOAH hearing officer found that the PPC was a unit of local government not subject to chapter 120, Florida Statutes (1981), known as the Administrative Procedure Act (APA). We have jurisdiction pursuant to section 120.68, Florida Statutes (1981), and Florida Rule of Appellate Procedure 9.030(b)(1)(C). We affirm the hearing officer's order.
The PPC was originally established in 1964 under Chapter 160, Florida Statutes, for the purpose of intracounty and intercounty coordination of county planning activities. In 1973 the legislature reestablished the PPC under Chapter 73-594, Laws of Florida, and gave the PPC authority to develop a countywide comprehensive plan and development policy for Pinellas County. Under chapter 73-594, once the PPC has adopted a countywide plan, the PPC must approve any change to the plan that is proposed by a unit of local government. Chapter 73-594, § 10, Laws of Florida.
The PPC also functions as a local planning agency pursuant to section 163.3161 et seq., Florida Statutes (1981), the Local Government Comprehensive Planning Act ("LGCPA"). Under that statute, however, a local planning agency is empowered merely to advise units of local government concerning their land use plans and cannot prevent a local government from changing its plan. But, due to the PPC's power under chapter 73-594 to veto land use changes proposed by a local government, the role of the PPC is different from that of other local planning agencies created pursuant to section 163.3161.
The PPC also has advisory planning duties under other Florida statutes, such as chapter 75-584, § 4, Laws of Florida, and chapter 76-473, § 6, Laws of Florida. This multi-faceted character of the PPC has contributed to the disagreement in this case about whether the PPC is subject to the APA.
A person or entity is subject to the APA only if included in the definition of *1308 "agency" in section 120.52(1), which provides in pertinent part as follows:
(1) `Agency' means:
.....
(b) Each other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 160, 163, 298, 373, 380, and 582, except any legal entity or agency created in whole or in part pursuant to chapter 361, part II.
(c) Each other unit of government in the state including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions.
Because the PPC has not expressly been made subject to the APA as set out in subsection (c), the PPC would not be an agency (and thus would not be subject to the APA) if it were determined to be a unit of government within the definition of subsection (c), such as a county or municipality, rather than a state entity within the definition of subsection (b). Thus, the issue in this case is whether the PPC falls within the scope of subsection (b), making it subject to the APA, or subsection (c), making it not subject to the APA.
Booker Creek argues that the PPC performs functions such as those performed by entities pursuant to chapters 163, 373, and 380, Florida Statutes. Those entities are deemed "agencies" because of their specific inclusion in subsection (b). Booker Creek contends that the PPC should therefore be considered an APA agency because it is functionally similar to various other APA agencies. (If it looks like a duck and quacks like a duck, then it must be a duck.) Additionally, Booker Creek contends that the limitation of the PPC's jurisdiction to one county does not preclude it from being a subsection (b) state agency because the Florida Attorney General has concluded that the legislature intended to make the APA applicable to all intergovernmental or regional entities regardless of whether they are intracounty or intrastate. See In re: Broward County Metropolitan Planning Organization, 1978 Op. Atty'y Gen. Fla., 078-27; In re: Monroe County Mosquito Control District, 1977 Op. Att'y Gen. Fla. 077-142; In re: Lower Florida Keys Hospital District, 1977 Op. Att'y Gen. Fla. 077-142.
The PPC responds that it is not a subsection (b) state agency because it is a local decision-making body and because the action challenged by Booker Creek in this case was taken by the PPC pursuant to its authority under chapter 73-594, Laws of Florida, which is not a law listed under subsection (b).
We agree with the PPC that it is not subject to the provisions of the APA. Because the PPC operates entirely within Pinellas County and has no authority outside that county, it is not comparable in jurisdiction to a statewide agency or even a regional, intercounty agency. Courts have found intracounty organizations created by special act, similar to the PPC, not to be agencies subject to the APA. See Hillsborough County Environmental Protection Commission v. Williams, 426 So.2d 1285 (Fla. 2d DCA 1983); Siddeeq v. Tallahassee Memorial Hospital, 364 So.2d 99 (Fla. 1st DCA 1978). In those cases, as in the case at bar, no general or special law or existing judicial decision made the organization subject to the APA.
While it is true that, as Booker Creek argues, the PPC performs some functions of a chapter 163 agency, in the final analysis the PPC is a body created by special act of the legislature. We cannot find that the legislature's intent, either in chapter 120 or in any of the special laws relating to the PPC, has been to make the PPC an agency required to follow the provisions of the APA.
Booker Creek also argues that the PPC has made itself subject to the APA because the PPC adopted a rule of procedure requiring that PPC rule adoption proceedings "shall be conducted according to the provisions of Chapter 120, F.S., and these rules." While this rule of procedure *1309 might bind the PPC to follow the rulemaking dictates contained in section 120.54 of the APA, it does not in itself make the PPC subject to section 120.56 (administrative determination of rule by hearing officer) any more than it would require the PPC to comply with section 120.545 (committee review of agency rules) or section 120.55 (publication of rules in the Florida Administrative Code).
AFFIRMED.
RYDER, A.C.J., and SCHOONOVER, J., concur.