493 So.2d 1013 (1986)
John J. PEPIN, Appellant,
v.
DIVISION OF BOND FINANCE, Etc., Appellee.
No. 69046.
Supreme Court of Florida.
September 4, 1986.
J. Christy Wilson and Alan E. Deserio of Brigham, Moore, Gaylord, Schuster & Sachs, Tallahassee, for appellant.
Glenn R. Hosken, Div. of Bond Finance, Tallahassee, for appellee.
McDONALD, Chief Justice.
Pepin appeals a final judgment validating the issuance of $800,000,000 in revenue bonds to be used in financing an extension of the Orlando-Orange County Expressway. This Court has jurisdiction pursuant to article V, section 3(b)(2), Florida Constitution. We affirm the final judgment.
The Orlando-Orange County Expressway Authority (Authority) is a state agency created by section 348.753(1), Florida Statutes (1985), a portion of the Florida Transportation Code. § 334.01 et seq., Fla. Stat. *1014 (1985). The purpose of the code is to establish the responsibilities of the state in the planning and development of an integrated and balanced statewide transportation system in Florida. § 334.035, Fla. Stat. (1985). As section 334.035 expressly states, "[t]his code is necessary for the protection of the public safety and general welfare and for the preservation of all transportation facilities in the state." More specifically, section 348.754(1)(b), Florida Statutes (1985), provides that the Authority "shall be authorized to construct any extensions, additions or improvements to said system or appurtenant facilities, including all necessary approaches, roads, bridges and avenues of access, with such changes, modifications or revisions of said protect as shall be deemed desirable and proper." Section 348.754(2), Florida Statutes (1985), specifically grants the Authority all the powers necessary to carry out its responsibilities, including the power to issue bonds.
Pursuant to this grant of power, the Authority determined that it was necessary for the public health, safety and welfare of Orange County, Florida and its citizens that the Orlando-Orange County Expressway be expanded. Accordingly, the Authority filed a complaint requesting validation of $800,000,000 in expressway expansion revenue bonds to finance the construction. The circuit court found the complaint proper and validated the bond issue on June 12, 1986. Pepin, as both an individual taxpayer and a trustee of property in Orange County, attacks the bond validation in this appeal.
Pepin argues that the Authority must present some evidence of the project's necessity before the bonds can be properly validated. We disagree. Unquestionably, a capital project such as the expressway expansion involved here must be for a public purpose in order for a corresponding bond issue to be validated. State v. Miami Beach Redevelopment Agency, 392 So.2d 875 (Fla. 1980). See Art. VII, § 10, Fla. Const. Beyond this threshold requirement, the specific statutory scheme establishing the Authority requires that projects be "desirable and proper," but requires no evidence of absolute necessity for proposed projects. § 348.754(1)(b), Fla. Stat. (1985). Nevertheless, The Authority did make a finding of necessity pursuant to a resolution adopted on June 4, 1986, as had the Orange County Board of County Commissioners on March 31, 1986. Moreover, by a resolution dated April 22, 1986, the Governor and the Cabinet, sitting as the governing board of the Division of Bond Finance, found the expansion project to be in the "best financial and economic interests of the inhabitants of the State of Florida and of Orange County." All of these resolutions were introduced into evidence at the validation hearing. Such legislative declarations of public purpose are presumed valid and should be considered correct unless patently erroneous. Zedeck v. Indian Trace Community Development District, 428 So.2d 647 (Fla. 1983); State v. Sunrise Lakes Phase II Special Recreation District, 383 So.2d 631 (Fla. 1980); State v. Housing Finance Authority, 376 So.2d 1158 (Fla. 1979). As we stated in Webb v. Hill, 75 So.2d 596, 605 (Fla. 1954):
The Legislature determines the public policy of the state as to what roads shall constitute a part of the state highway system. The authority to determine when and how these roads shall be built is vested in the executive or administrative department of the government by the Legislature and the courts should not substitute their judgment with reference to these matters for that of the legislative or executive departments.
Pepin has failed to demonstrate that the expressway expansion would not serve a public purpose and benefit the citizens of Florida in general and the residents of Orange County in particular. Finding no error, we affirm the final judgment validating the bond issue.
It is so ordered.
BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.