498 So.2d 1012 (1986)
Leonard A. RUBINSTEIN, M.D., Appellant,
v.
SARASOTA COUNTY PUBLIC HOSPITAL BOARD, Appellee.
No. 86-2317.
District Court of Appeal of Florida, Second District.
December 10, 1986.
*1013 Stephen E. Nagin, Coral Gables; Edward E. Hollowell and Robert L. Wilson, Jr. of Hollowell and Silverstein, P.A., Raleigh, N.C., for appellant.
A. Lamar Matthews, Jr., Frazer F. Hilder and Theodore C. Eastmoore of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellee.

ON ORDER TO SHOW CAUSE
PER CURIAM.
Rubinstein, formerly a staff physician at Sarasota Memorial Hospital, has sought appellate review of a final order of the Sarasota County Public Hospital Board denying him reappointment to the hospital staff. Upon receipt of the notice of appeal we directed the parties to file memoranda on the question of the jurisdiction of this court to entertain this attempt at direct appeal.
Simply put, the crucial question is whether the Sarasota County Public Hospital Board is an "agency" within the meaning of section 120.52(1) Florida Statutes (1985), the Administrative Procedure Act. If it is such an "agency" we may review its final orders directly. If it is not, Rubinstein is required to seek review in the circuit court through a petition for writ of certiorari. In a previous appeal involving the same hospital board as a party, Sarasota County Public Hospital Board v. Shahawy, 408 So.2d 644 (Fla. 2d DCA 1981), the latter review procedure was followed. Rubinstein correctly submits, however, that jurisdiction does not appear to have been an issue in that case.
The APA includes three types of "agencies," two of which clearly are inapplicable in the present case: the governor in the exercise of all executive functions except those derived from the Florida Constitution, section 120.52(1)(a), Florida Statutes (1985), and "other" units of government expressly made subject to the act by general or special law or existing judicial decisions, section 120.52(1)(c). The Sarasota County Public Hospital Board was established by chapter 26468, Laws of Florida, Acts of Extraordinary Session 1949, as amended by chapter 83-525 Laws of Florida. Neither legislation nor judicial precedent subjects the board to the APA. Thus, we need consider only the remaining definition of "agency," found in section 120.52(1)(b) which include a host of departments with statewide jurisdiction as well as regional planning agencies, conservation boards, and land and water management districts. The list of applicable agencies provided in this subsection is not exclusive.
In support of his position on the jurisdictional question, Rubinstein relies upon the brief opinion in Horgan v. South Broward Hospital District, 477 So.2d 617 (Fla. 4th DCA 1985), which permitted review of the decision of the hospital district because it was "primarily acting as a state agency." However, the language quoted was taken from an earlier decision, Lee v. South Broward Hospital District, 473 So.2d 1322 (Fla. 4th DCA 1985), which, standing alone, does not support the conclusion reached in Horgan. In Lee the court held that the hospital district was a "state agency" for purposes of the sovereign immunity statute, section 768.28(2), Florida Statutes (1985), a statute envisioning a much broader definition of "agency" than does the APA. Further, Lee was an appeal from an adverse ruling in a lawsuit tried in a circuit *1014 court, rather than an attempt at direct review of an agency decision.
Thus, we turn for guidance to our previous decision in Booker Creek Preservation, Inc. v. Pinellas Planning Council, 433 So.2d 1306 (Fla. 2d DCA 1983), in which we discussed the scope of section 120.52(1)(b). There the appellant asserted that the Pinellas Planning Council was an agency because it was "functionally similar to various other APA agencies," or, in Judge Lehan's words, "If it looks like a duck and quacks like a duck, then it must be a duck." Booker Creek, 433 So.2d at 1307. Appellant also noted that the attorney general had concluded, in various opinions, that "the legislature intended to make the APA applicable to all intergovernmental or regional entities regardless of whether they are intracounty or intrastate." Id. However, we rejected Booker Creek's "functional" argument in favor of an approach geared more toward the territorial jurisdiction of the body in question. The planning commission operated wholly within Pinellas County, with no authority outside that county, and was "not comparable in jurisdiction to a statewide agency or even a regional, intercounty agency." Id. Other courts have also declined to apply the APA to intercounty agencies created by special act. See, e.g., Hillsborough County Environmental Protection Commission v. Williams, 426 So.2d 1285 (Fla. 2d DCA 1983); Siddeeq v. Tallahassee Memorial Hospital, 364 So.2d 99 (Fla. 1st DCA 1978). Similarly, the territorial jurisdiction of the hospital board in the present case is coextensive with the county in which it operates. The fact that the Hillsborough County Environmental Protection Commission is distinguishable from the Sarasota County Public Hospital Board because the former is "merely an arm of the county commission" is, we believe, immaterial. Consistent with the position taken in Hillsborough County and Booker Creek, we hold that the Sarasota County Public Hospital Board is not an "agency" within the scope of the APA and, thus, this court lacks jurisdiction to review by direct appeal a final order of that body.
Accordingly, we transfer this case to the circuit court of the Twelfth Judicial Circuit, Sarasota County, with direction to treat the notice of appeal as a petition for writ of certiorari.
SCHOONOVER, A.C.J., and LEHAN and FRANK, JJ., concur.