682 So.2d 566 (1996)
ORLANDO-ORANGE COUNTY EXPRESSWAY AUTHORITY, Appellant,
v.
HUBBARD CONSTRUCTION CO., Appellee.
No. 95-3081.
District Court of Appeal of Florida, Fifth District.
August 30, 1996.
Order Correcting Opinion on Grant of Rehearing November 15, 1996.
Michael P. McMahon and William C. Turner, of Akerman, Senterfitt & Eidson, P.A., Orlando, for Appellant.
F. Alan Cummings, W. Robert Vezina, III and Mary M. Piccard of Cummings, Lawrence & Vezina, P.A., Tallahassee, for Appellee.
W. SHARP, Judge.
The Orlando-Orange County Expressway Authority (Authority) appeals from a final order of the Division of Administrative Hearing (DOAH), which determined that the Authority was subject to the Administrative Procedure Act (APA), at the time it sent a letter dated July 11, 1995 to Hubbard Construction Company. The letter informed Hubbard that the Authority planned to hold a public hearing on August 23, 1995, to determine whether Hubbard should be disqualified or suspended from bidding on future construction contracts with the Authority because Hubbard refused to furnish the Authority with all of the records it requested pursuant to section 3-8 of the Standard Specifications for Road and Bridge Construction (1991 ed), (the "Gray Book").
The Hearing Officer concluded that the Authority is an agency as defined by section 120.52(1)(b) of the APA, and thus is subject to the APA. It also determined that the letter constituted a rule, which was not adopted by the Authority pursuant to section 120.535(1) of the APA. On appeal the Authority raises two points only:
THE ORLANDO-ORANGE COUNTY EXPRESSWAY AUTHORITY IS NOT AN "AGENCY" SUBJECT TO THE ADMINISTRATIVE PROCEDURE ACT.
A. Subsection (b) of Section 120.52(1) does not include the Orlando-Orange County Expressway Authority.
B. Subsections (a) and (c) of § 120.52(1) do not include the Orlando-Orange County Expressway Authority.
We affirm.
The Hearing Officer based his decision on the fact that the Authority has been given powers to operate in Osceola County as well as Orange County, and at oral argument, counsel agreed the Authority also has at least potential powers to operate in Seminole County. The APA's definition of what is or what is not an agency subject to the APA, was obscure and convoluted in its 1993 version, which was in effect at the time of the letter and proposed hearing. Since then, the statute was amended effective October 1, 1996, to define "agency" as excluding "an *567 expressway authority pursuant to chapter 348, or any legal or administrative entity created by an interlocal agreement pursuant to section 163.01(7) unless any party to such agreement is otherwise an agency as defined in this subsection or an expressway authority pursuant to chapter 348." We pass no judgment or opinion about the effect of that double-exclusionary masterpiece of legislative drafting.
The version of the APA in effect at the time the letter was sent to Hubbard defined "Agency" in section 120.52(1)(b) subject to the APA, as:
(b) Each other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 163, 298, 373, 380, and 582 and s. 186.505, except any legal entity or agency created in whole or in part pursuant to chapter 361, part II.
The Hearing Officer followed the territorial approach voiced in Booker Creek Preservation, Inc. v. Pinellas Planning Council, 433 So.2d 1306 (Fla. 2d DCA 1983) and Rubinstein v. Sarasota County Public Hospital Board, 498 So.2d 1012 (Fla. 2d DCA 1986), in concluding that the Authority is an agency because it has been given powers to operate outside the limits of one county. He also concluded that because the Authority has been given powers and duties to plan and build a an integral part of the statewide transportation highway system that affects many counties in the central Florida area, it could be considered an "agency" on a function approach as well. See Pepin v. Division of Bond Finance, 493 So.2d 1013 (Fla.1986). Accordingly, we adopt and approve the Hearing Officer's well-reasoned opinion as our own:

CONCLUSIONS OF LAW
14. The Division of Administrative Hearings has jurisdiction over the subject matter. Sections 120.535 and 120.57(1), Florida Statutes. (All references to Sections are to Florida Statutes.)
15. Section 120.52(1)(b) defines "agency" to include:
each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 163, 298, 373, 380 and 582 and s. 186.504, except any legal entity or agency created in whole or in part pursuant to chapter 361, part II.
16. In addressing this definition of "agency," the courts have examined closely the geographic scope of a governmental body to determine if it is a "state agency" or a unit of local government. In Booker Creek Preservation, Inc. v. Pinellas Planning Council, 433 So.2d 1306 (Fla. 2d DCA 1983), the court affirmed a hearing officer's conclusion that the planning council was a unit of local government not subject to Chapter 120. The court noted that the Legislature created the planning council for "intra-county and intercounty coordination of county planning activities" and later added responsibilities for local land-use planning.
17. Holding that the Pinellas Planning Council was not a state agency under § 120.52(1)(b), the Booker Creek court reasoned: "Because the [planning council] operates entirely within Pinellas County and has no authority outside that county, it is not comparable in jurisdiction to a statewide agency or even a regional, intercounty agency." 433 So.2d at 1308. The court also noted that the planning agency had been created by a special act of the Legislature.
18. The Second District followed the Booker Creek approach in Rubinstein v. Sarasota County Public Hospital Board, 498 So.2d 1012 (Fla. 2d DCA 1986) (per curiam). Holding that the hospital board, whose jurisdiction did not extent [sic] beyond one county, was not a state agency under § 120.52(1)(b), the Rubinstein court read the Booker Creek decision as a rejection of the "`functional' argument in favor of an approach geared more toward the territorial jurisdiction of the body in question." 498 So.2d at 1014.

*568 19. Respondent implies in its proposed final order that the Second District's emphasis on territorial jurisdiction might not be, or might later prove not to be, the approach of other district courts. But Respondent would find no solace in a more functional approach to applying § 120.52(1)(b). As it happens, the Supreme Court has considered the extra-local functions of Respondent in Pepin v. Division of Bond Finance, 493 So.2d 1013 (Fla. 1986). Dealing with a bond issue for an entirely intra-county expansion of the expressway system, the Pepin Court analyzed the crucial role of Respondent in planning and constructing key part of an "integrated and balanced statewide transportation system" and concluded that the bond challenger had failed to prove that expressway expansion would not "serve a public purpose and benefit the citizens of Florida in general and the residents of Orange County in particular." 493 So.2d at 1014.
20. Under the territorial approach, Respondent was a state agency under § 120.52(1)(b) when the Legislature conferred upon it the rights to condemn land and construct road outside of Orange County. Under the functional approach, Respondent probably would have been a state agency prior to its acquisition of such extra-county powers.
Accordingly, the final order below is AFFIRMED.
GRIFFIN and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING, CLARIFICATION OR CORRECTION
We grant Orlando-Orange County Expressway's motion for rehearing, clarification and correction, and correct the opinion to the following extent:
[Editor's Note: Correction incorporation for purposes of publication.]
Hubbard's request for attorneys' fees under section 57.105 is denied because there was not a complete absence of justiciable issues raised. T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697, 698, n. 3 (Fla. 3d DCA 1981).
GRIFFIN and THOMPSON, JJ., concur.