813 So.2d 981 (2002)
FLORIDA DEPARTMENT OF INSURANCE and Florida Windstorm Underwriting Association, Appellants,
v.
FLORIDA ASSOCIATION OF INSURANCE AGENTS and Professional Insurance Agents of Florida, Inc., Appellees.
Nos. 1D01-3497, 1D01-3838.
District Court of Appeal of Florida, First District.
March 15, 2002.
Rehearing Denied April 23, 2002.
Steven H. Parton and Dennis Silverman, Tallahassee, for Appellant Florida Department of Insurance; John Radey, Elizabeth McArthur and David Yon of Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A., Tallahassee, for Appellant Florida Windstorm Underwriting Association.
Ben H. Wilkinson, Cynthia S. Tunnicliff, Stephen L. Spector and Julius F. Parker, III, of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Appellees.
*982 WEBSTER, J.
The Florida Department of Insurance (the Department) and the Florida Windstorm Underwriting Association (the Association) seek review of a final order entered by an administrative law judge (ALJ) in a rule challenge proceeding. In that order, the ALJ determined, among other things, that the Association was an "agency" for purposes of chapter 120, Florida Statutes (2001) (the Florida Administrative Procedure Act), and that, therefore, he had jurisdiction to address appellees' challenge to procedures adopted by the Association for the review of offers of coverage made by member companies at renewal. Because we conclude that the Association is not an "agency" for purposes of chapter 120, we reverse, and remand with directions that the ALJ dismiss the rule challenge for lack of jurisdiction.
There is no dispute regarding material facts. The question which we must answer is whether, given the undisputed facts, the Association is an "agency" for purposes of the Administrative Procedure Act. This, in turn, requires that we determine whether the legislature intended that the Association be subject to the Act. This is a question of law. Accordingly, the applicable standard of review is de novo. Southwest Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594, 597 (Fla. 1st DCA 2000).
The Association is an unincorporated association created in 1970 pursuant to authority conferred by the legislature in chapter 70-234, section 1, Laws of Florida. (The enabling legislation has since been codified, and is now a part of section 627.351(2), Florida Statutes (2001).) It was created to make available windstorm insurance coverage for Floridians who are unable to obtain such insurance from a private insurer. Its membership consists of all insurers authorized to write property insurance in the state. It functions pursuant to a plan of operation, which must ultimately be reviewed and approved by the Department. It is governed by a 15 member board of directors, 12 of whom are chosen from among its insurer members, and three of whom must be "consumer representatives." The Governor and Insurance Commissioner each appoint one of the consumer representatives, and the third is the Department's consumer advocate. The legislature has never granted any rulemaking authority to the Association, and there is no language in section 627.351(2) suggesting an intent that the Association be subject to the Administrative Procedure Act.
The Association receives no state funds. Its funds come from premiums and surcharges paid by insureds and from assessments levied on its insurer members. It also has the power to issue bonds; however, no public funds, credit, property or taxing power may be pledged to secure payment. It pays income tax.
In essence, the Association is a private (or quasi-public) entity performing both private and public functions. In many ways, it functions like any other insurer, and is subject to the same Department rules as are private insurers. It is relatively clear that the principal purpose of the pertinent legislation was to make windstorm insurance available to Floridians who would not be able to obtain it in the private market, without putting the state in the insurance business. It is also relatively clear that, in 1970, when the enabling legislation was passed and the Association was created, the Association would not have met the definition of "agency" contained in the version of the Administrative Procedure Act then in effect. See § 120.021(1), Fla. Stat. (1969) ("[a]gency means any state board, commission, department, or officer authorized by law to *983 make rules, except the legislative and judicial departments of government, the military, and the governor").
The present Administrative Procedure Act was adopted in 1974, and took effect on January 1, 1975. Ch. 74-310, § 6, at 973, Laws of Fla. Its definition of "agency" is considerably more detailed (and comprehensive) than that in the previous version:
(1) "Agency" means:
(a) The Governor in the exercise of all executive powers other than those derived from the constitution.
(b) Each:
1. State officer and state department, and each departmental unit described in s. 20.04.
2. Authority, including a regional water supply authority.
3. Board.
4. Commission, including the Commission on Ethics and the Fish and Wildlife Conservation Commission when acting pursuant to statutory authority derived from the Legislature.
5. Regional planning agency.
6. Multicounty special district with a majority of its governing board comprised of nonelected persons.
7. Educational units.
8. Entity described in chapters 163, 373, 380, and 582 and s. 186.504.
(c) Each other unit of government in the state, including counties and municipalities, to the extent they are expressly made subject to this act by general or special law or existing judicial decisions. This definition does not include any legal entity or agency created in whole or in part pursuant to chapter 361, part II, an expressway authority pursuant to chapter 348, any legal or administrative entity created by an interlocal agreement pursuant to s. 163.01(7), unless any party to such agreement is otherwise an agency as defined in this subsection, or any multicounty special district with a majority of its governing board comprised of elected persons; however, this definition shall include a regional water supply authority.
§ 120.52(1), Fla. Stat. (2001). The ALJ concluded that the Association was either a "Board" or an "Authority" and, therefore, an "agency" as defined in section 120.52(1). Accordingly, he concluded, further, that the Association was subject to the Administrative Procedure Act and that he had jurisdiction to address appellees' challenge to procedures adopted by the Association for the review of offers of coverage made by member companies at renewal because those procedures constituted "rules" for purposes of the Act.
We are unable to agree with the conclusion that the Association is either a "Board" or an "Authority" as those words are used in section 120.52(1). As commonly understood in context, both of those words connote entities different from an unincorporated association. It is, likewise, apparent that the Association does not fall within any of the other categories of entities identified as agencies in section 120.52(1). Moreover, it is relatively clear that the legislature intended that only entities performing a traditional governmental function would be subject to the Act. While the Association performs certain public functions, those functions are not traditional governmental functions. On the contrary, they are of a type traditionally performed by private insurers. See In re Advisory Opinion to the Governor-State Revenue Cap, 658 So.2d 77 (Fla.1995) (where, noting that the Florida Residential Property and Casualty Joint Underwriting Association was "not performing a traditional governmental function" but "in practical effect ... operate[d] like a private insurance company," the court concluded *984 that it was not a "state" or "public" entity and that, therefore, funds collected by it were not "state revenues" for purposes of article VII, section 1(e), of the Florida Constitution); Kuvin, Klingensmith & Lewis, P.A. v. Fla. Ins. Guaranty Ass'n, Inc., 371 So.2d 214 (Fla. 3d DCA 1979) (holding that the Florida Insurance Guaranty Association, though "`a public or quasi-public corporation,'" was more correctly viewed as a private insurer and, therefore, was not "an agency of the state" or "a governmental entity" for purposes of the venue statute). To conclude that the legislature intended that the Association be subject to the Act would, necessarily, also require the conclusion that many other similar entities are subject to the Act. Had the legislature intended such a result, given the apparently comprehensive nature of the list set out in section 120.52(1), we believe it would have said so. Of course, if we are incorrect, the legislature need only amend either section 120.52(1) or section 627.351(2) to make its contrary intent clear.
We hold that the Association is not an "agency" for purposes of chapter 120, and that, therefore, the ALJ did not have jurisdiction to address appellees' challenge to procedures adopted by the Association for the review of offers of coverage made by member companies at renewal. We reverse the final order, and remand with directions that the ALJ dismiss the rule challenge for lack of jurisdiction. Given this disposition, we need not address the other issues raised by appellants.
REVERSED and REMANDED, with directions.
WOLF and BROWNING, JJ., CONCUR.