962 So.2d 942 (2007)
COASTAL FUELS MARKETING, INC., Appellant,
v.
CANAVERAL PORT AUTHORITY, et al., Appellees.
No. 5D06-1192.
District Court of Appeal of Florida, Fifth District.
July 20, 2007.
Rehearing Denied August 22, 2007.
*943 Stephen T. Maher of Shutts & Bowen, LLP, Miami, and Joseph M. Goldstein of Shutts & Bowen, LLP, Ft. Lauderdale, for Appellant.
Harold T. Bistline of Stromire, Bistline & Miniclier, Cocoa, Patricia K. Olney of Patricia K. Olney, P.A., Port Canaveral, for Appellee Canaveral Port Authority.
Pablo Acosta, Juan Carlos Antorcha, Angela E. Scott and Teri L. Donaldson, of Squire, Sanders & Dempsey, LLP, Miami, for Appellee Vitol S.A., Inc.
TORPY, J.
In this bid protest case, after Appellee, Canaveral Port Authority, rejected Appellant's, Coastal Fuels Marketing, Inc.'s, bid protest as untimely, Appellant sought direct review in this Court, pursuant to section 120.68, Florida Statutes (2006), which authorizes review of "agency action." In its answer brief, Canaveral Port Authority contends that we lack jurisdiction to hear this appeal because it is not an "agency." We agree and transfer this action to the Circuit Court of Brevard County.
Canaveral Port Authority is the governing body for the Canaveral Port District,[1] an independent special taxing district created by special act of the legislature ("the Act").[2] Hereinafter, the Canaveral Port Authority and the Canaveral Port District shall be collectively referred to as "Canaveral." Canaveral operates a port in Brevard County. It requested proposals from several companies to build a petroleum terminal on land to be leased from Canaveral within its district. Appellant submitted a proposal, but Canaveral determined that the proposal was not responsive and rejected it in favor of Appellee, Vitol, S.A., Inc. When Appellant protested the award, Canaveral summarily rejected its protest, claiming that it was untimely. Appellant then sought review in this Court.
Although Canaveral raises several points in defense of its actions, we need *944 only address its contention that we do not have jurisdiction because it is not an "agency," as defined by the Administrative Procedure Act ("APA"), Chapter 120, Florida Statutes. Canaveral concedes that it directed Appellant to proceed in this manner, under the assumption that it was governed by the APA, but claims that it was in error. Because this issue involves our jurisdiction, Canaveral's initial, erroneous submission to our jurisdiction binds neither Canaveral nor this Court. Therefore, we must address the issue of our jurisdiction on the merits based upon the record before us.
In urging that Canaveral is an "agency," Appellant directs our attention to the statutory definition of "agency," and in particular section 120.52(1)(b)2., which includes within the definition of agency, "each Authority, including a regional water supply authority." In making this argument, Appellant overlooks the fact that, although the Act names Canaveral's governing body an "Authority," Canaveral is designated an "independent special taxing district," a political subdivision of the State, with the power to operate, and tax residents, within a specific geographic region of Brevard County. As such, it does not fall within the definition of agency because its jurisdiction is wholly within Brevard County, and it is not expressly made subject to the APA. See § 120.52(1)(c), Fla. Stat. (2006) (all other units of government, such as cities and counties, are subject to APA only if expressly made so by the legislature or judicial decision); Eckert v. Bd. of Comm'rs of N. Broward Hosp. Dist., 720 So.2d 1151 (Fla. 4th DCA 1998) (special taxing district, created by special law, designated to operate intra-county, which has not expressly been made subject to the APA, is not "agency.").
Even if Canaveral were designated as an "Authority," it is still not the type of governmental entity intended to fall within the purview of the APA because it does not have statewide or regional jurisdiction. In Rubinstein v. Sarasota County Public Hospital Board, 498 So.2d 1012 (Fla. 2d DCA 1986), the court considered whether the hospital board was an agency within the definition of section 120.52(1)(b). Although the hospital board fell within the literal definition of agency, in adopting a "territorial approach," the court determined that it was not an agency because it did not have statewide or regional jurisdiction. We followed Rubinstein in Orlando-Orange County Expressway Authority v. Hubbard Construction Co., 682 So.2d 566 (Fla. 5th DCA 1996). There, by contrast, we held that the Expressway Authority was an agency because its jurisdiction encompassed two or three counties.
Here, although Appellant speculates that Canaveral's jurisdiction extends outside Brevard County, it does not direct our attention to anything within the Act that supports its argument, and our review of the Act leads us to a contrary conclusion. See also Canaveral Port Auth. v. Dep't of Revenue, 690 So.2d 1226, 1228 (Fla.1996) (Canaveral not state "agency" for purposes of immunity from ad valorem taxes); Amerson v. Jacksonville Elec. Auth., 362 So.2d 433, 435 (Fla. 1st DCA 1978) (electric "authority" not subject to APA).
Concluding as we have that our jurisdiction is lacking, we transfer this action to the Circuit Court of Brevard County with directions that the Notice of Appeal be treated as a petition for certiorari. Rubinstein, 498 So.2d at 1014.
CASE TRANSFERRED.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] Ch. 2003-335, Art. II, § 1, Laws of Fla.
[2] Ch. 2003-335, Art. I, § 1, Laws of Fla.