978 So.2d 191 (2008)
MAE VOLEN SENIOR CENTER, INC., Appellant,
v.
AREA AGENCY ON AGING PALM BEACH/TREASURE COAST, INC., State of Florida, Department of Elder Affairs, and Ruth Rales Jewish Family Service of South Palm Beach County, Appellees.
No. 4D06-2992.
District Court of Appeal of Florida, Fourth District.
February 13, 2008.
Rehearing Denied May 1, 2008.
*192 Donna E. Blanton and Elizabeth McArthur of Radey Thomas Yon & Clark, P.A., Tallahassee, for appellant.
Cynthia S. Tunnicliff, Brian A. Newman and Brandice D. Dickson of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for appellee Area Agency on Aging Palm Beach/Treasure Coast, Inc.
Barbara M. Crosier, Robert N. Clarke, Jr. and Jason B. Gonzalez, Tallahassee, for appellee State of Florida Department of Elder Affairs.
Matthew Triggs and Gary W. Kovacs of Proskauer Rose LLP, Boca Raton, for appellee Ruth Rales Jewish Family Service.
WARNER, J.
This case involves a challenge by Mae Volen Senior Center, Inc. to the Area Agency on Aging Palm Beach/Treasure Coast, Inc.'s ("AAA") notice of intent to award to another provider a contract for designation as lead agency pursuant to a request for proposals issued by the AAA. An appeal was filed with the Department of Administrative Hearings ("DOAH"), and the assigned administrative law judge dismissed the appeal for lack of subject matter jurisdiction. We reverse the order dismissing for lack of jurisdiction, concluding that the DOAH has jurisdiction to hear appeals involving the area agencies on aging.
In response to the federal Older Americans Act of 1965, 42 U.S.C. § 3001 et seq., the Florida Legislature created a means of serving the elderly of the state through a continuum of community-based care administered by area agencies on aging. See § 430.201 et seq., Fla. Stat. Area agencies on aging are organizations designated by the Department of Elder Affairs ("DOEA") to coordinate and administer DOEA programs and to provide, through contracting agencies, services for the elderly within a planning and service area. § 430.203(1), Fla. Stat. Area agencies may be either public or private nonprofit entities. Florida has eleven area agencies on aging. The area agencies are all subject to the public records act and the sunshine laws of the state when considering any contracts requiring the expenditure of public funds. § 20.41(9), Fla. Stat. (2007). Appellee AAA is responsible for a planning service area which encompasses Indian River, Martin, Okeechobee, Palm Beach, and St. Lucie counties. It is a private, non-profit corporation.
Pursuant to federal law, and in order to receive federal funds, the DOEA as the designated state agency is required to have a state plan for elderly services. 42 U.S.C. § 3027. The state plan must require each area agency on aging to submit a plan consistent with federal law regarding the provision of services for the elderly. Id. The state plan must have a hearing process for disputes regarding service providers:
(5) The plan shall provide that the State agency will 
(A) afford an opportunity for a hearing upon request, in accordance with published *193 procedures, to any area agency on aging submitting a plan under this subchapter, to any provider of (or applicant to provide) services. . . .
42 U.S.C. § 3027(a)(5)(A).
The DOEA has adopted detailed rules with respect to the provision of services through the agencies on aging. The rules provide that "[t]he Department shall administer directly or through an Area Agency on Aging, at least one community care service system in each planning and service area where practical." Fla. Admin. Code R. 58C-1.003(1) (emphasis added). Area agencies are responsible for the planning of services and receipt and distribution of public funds for those services to the elderly. To accomplish this work, area agencies on aging must contract with a "lead agency" for provision of services at least once every three years through a request for proposal process. See § 430.203(9), Fla. Stat. A lead agency is "given authority and responsibility to coordinate some or all of the services, either directly or through subcontracts, for functionally impaired elderly persons." § 430.203(9)(c), Fla. Stat.
The DOEA is responsible for developing guidelines for the area agency requests for proposals ("RFP") for lead agencies in consultation with area agencies. § 430.202(9)(a), Fla. Stat. Such contracts must be in accordance with the rules and contract procedures of the Department. Fla. Admin. Code R. 58C-1.003(1)(a)16. The agencies must also follow "competitive bidding procedures in procurement contracts in accordance with State and Federal regulations." Fla. Admin. Code R. 58A-1.008(2). These provisions are applicable to "agencies."
The DOEA rules provide that one responsibility of an area agency is to "[e]stablish procedures for appeals regarding contracts for lead agencies. . . ." Fla. Admin. Code R. 58C-1.003(1)(a)20. This responsibility is also included in the guidelines for RFPs issued by the DOEA and contained in appellant's appendix. Those guidelines require the DOEA to review RFPs prior to issuance.
AAA's RFP includes protest guidelines, as required by the DOEA. The procedures for filing a bid protest in these guidelines copy the required procedures under section 120.57(3), as required of agencies subject to the Administrative Procedure Act ("APA"). A protest involving disputed issues of material fact and not resolved by mutual agreement shall be referred to the Division of Administrative Hearing for further proceedings. Id. Section 120.57(3)(e) authorizes the DOAH to conduct hearings on bid protests from agencies subject to the act.
AAA submitted a request for lead agency bids for its area and obtained two proposals, one from Mae Volen and one from Ruth Rales, another agency which was awarded the bid. Mae Volen filed a formal bid protest with AAA. Pursuant to the protest guidelines in the RFP, and reviewed by the DOEA prior to issuance, the protest was transferred to the DOAH.
Before the hearing officer, the Department contended that the DOAH did not have jurisdiction because Mae Volen was a private, non-profit entity, and not a state agency. The trial court agreed and dismissed the appeal. Mae Volen appeals the dismissal.
The DOAH is authorized to hear bid protest disputes from "agencies." § 120.57(3), Fla. Stat. The definition of "agency" under the Administrative Procedures Act includes:
(b) Each:
1. State officer and state department, and each departmental unit described in s. 20.04.

*194 2. Authority, including a regional water supply authority.
3. Board, including the Board of Governors of the State University System and a state university board of trustees when acting pursuant to statutory authority derived from the Legislature.
§ 120.52(1)(b), Fla. Stat.
In establishing the DOEA, the legislature provided:
(2) The department shall plan and administer its programs and services through planning and service areas as designated by the department.
. . . .
(6) In accordance with the federal Older Americans Act of 1965, as amended, the department shall designate and contract with area agencies on aging in each of the department's planning and service areas. Area agencies on aging shall ensure a coordinated and integrated provision of long-term care services to the elderly and shall ensure the provision of prevention and early intervention services. . . .
(7) The department shall contract with the governing body, hereafter referred to as the "board," of an area agency on aging to fulfill programmatic and funding requirements. The board shall be responsible for the overall direction of the agency's programs and services and shall ensure that the agency is administered in accordance with the terms of its contract with the department, legal requirements, established agency policy, and effective management principles. The board shall also ensure the accountability of the agency to the local communities included in the planning and service area of the agency.
§ 20.41, Fla. Stat. (2006) (emphasis added). Because the legislature designated the area agencies on aging as "boards" performing the programmatic and funding requirements of the DOEA, as well as the fact that they exercise multi-county authority and perform essentially government functions in authorizing the spending of public funds and contracting with lead agencies, we conclude that the DOAH has authority to hear this bid protest.
Although AAA is a nonprofit corporation, the DOEA rules provide that the DOEA functions through these area agencies on aging, corporations it selects and provides funding. The area agencies determine the need for elderly services in their areas, plan for the provision of those services, and receive funds from the government which they then distribute to service providers. In all respects they act as an arm of the state agency. They are required to comply with the public records act and the sunshine laws with respect to the contracts requiring the expenditure of public funds, which would include lead agency contracts. They are required to follow state contracting guidelines and requests for proposals. Under these circumstances, where the nonprofit corporation functions under the direction and as a public agency for the purpose of contracting with lead agencies, we do not deem its "private" label as dispositive of whether it is an agency for purposes of the APA. See Fla. Governor's Council on Indian Affairs v. Tuveson, 384 So.2d 217 (Fla. 1st DCA 1980); Fla. Dep't of Ins. v. Fla. Ass'n of Ins. Agents, 813 So.2d 981, 983 (Fla. 1st DCA 2002) ("legislature intended that only entities performing a traditional governmental function would be subject to the Act").
We distinguish Vey v. Bradford Union Guidance Clinic, Inc., 399 So.2d 1137 (Fla. 1st DCA 1981), in which the court held that a private clinic which provided mental health services for a mental health board was not an agency within the meaning of the APA. There, the clinic performed medical *195 services under a contract which described the clinic as an independent contractor. It was a private service provider. In contrast, as defined by both statute and rule, the area agencies on aging are not service providers. They are coordinators and administrators of the department's programs. § 430.203(1), Fla. Stat. In contracting for lead agency services, they perform the same functions as an executive administrative agency.
AAA exercises authority in a multi-county area. The territorial approach confers APA jurisdiction where entities are authorized to exercise their governmental powers in a multi-county areas. See Orlando-Orange County Expressway Auth. v. Hubbard Constr. Co., 682 So.2d 566, 567-68 (Fla. 5th DCA 1996). This too supports APA jurisdiction.
The statutes and the rules created the structure for provision of elderly services by designating the area agencies on aging to perform the DOEA's functions and responsibilities within their region. Those statutes and rules required that there be an appeal process for bid protests in compliance with statutory bid procurement procedures. Those procedures include hearings of bid protests before an administrative hearing officer. Hearing officers have authority to hear bid protests.
If we ignore all of this, then no appeal process is available, contrary to statute. A disgruntled bid protester is limited to suit in circuit court, which is not an appeal.[1] If there is no appeal, then an important right required under both state and federal law is lost.
In concluding that the administrative hearing officer has jurisdiction to hear appeals from bid protests on RFPs for lead agency contracts with area agencies on aging, our ruling is very narrow. And if we are wrong in our analysis, and the legislature did not intend to confer jurisdiction on the DOAH to hear appeals of these cases, then it can certainly clarify the issue. All we decide is that the administrative hearing officer has jurisdiction to hear this bid protest for a lead agency contract.
Reversed.
POLEN and HAZOURI, JJ., concur.
NOTES
[1] The DOEA suggests that the remedy is a petition for certiorari, but that is available to challenge agency action or local governmental actions. This is contrary to the DOEA's claim that AAA is a private entity and not an agency (whether local or state).